### G. W. BYRNE & CO. *v.* MARIA TAYLOR et al.

1. CHANCERY — PARTIES — ADMINISTRATOR OF DECEASED MORTGAGOR NOT NECESSARY DEFENDANT TO BILL TO FORECLOSE. — The administrator of a deceased mortgagor is not a necessary party defendant to a bill to foreclose the mortgage. *A fortiori* may the heir alone be proceeded against where there is no administrator.

2. SAME—SAME—WIDOW OF MORTGAGOR IS A NECESSARY DEFENDANT TO BILL TO FORECLOSE MORTGAGE.—The widow of a deceased mortgagor is a necessary party defendant to a bill to foreclose the mortgage in which she had joined.

3. DEED OF MARRIED WOMAN—ACKNOWLEDGMENT—NOT THE PRACTICE TO SHOW FOR WHAT SHE UNITES.—It is not the practice to incorporate in the body of the deed, or the acknowledgment or recital, that the wife unites in the conveyance to alienate her right of dower.

4. GENERAL PRAYER FOR RELIEF—COURT MAY ADAPT DECREE TO THE CIRCUMSTANCES OF THE CASE.—Under the general prayer for relief the court can adapt the decree to the circumstances of the case by giving a day of payment of the mortgage debt before the sale is made.

5. PARTIES ALLUDED TO IN PRAYER OF BILL.—That the prayer of the bill contains a request that incumbrancers, if any subsequent to the mortgage, may be made parties and be barred, does not make the bill defective for want of such parties.

6. EXHIBITS TO BILL NOT LOOKED AT ON DEMURRER.—The bill is all that can be looked to in determining its sufficiency on demurrer.

APPEAL from the chancery court of Harrison county. HENDERSON, Chancellor.

This is a bill to enforce a mortgage on real estate, executed to secure a note described in it. The mortgage was executed by Hamilton Taylor and his wife, Maria, and the bill shows that Taylor had died intestate, leaving his widow, the said Maria, and one child, and that no administration had been granted upon his estate. The prayer of the bill is for the sale of the mortgaged premises, and for the payment of the amount due; and that the defendants, and all persons claiming under them, may be barred and foreclosed, etc., and for such further relief as the case may require. The widow and child were made defendants, and demurred to the bill as amended, assigning as grounds of demurrer, among others: 1st. That the administrator of Hamilton Taylor should be a party defendant; 2d. That Maria Taylor (widow) is not shown to have any interest in the suit; 3d. If she owned the mortgaged premises, the mortgage is void, because it is not the joint deed of husband and wife; 4th. Because the mortgage contains no words showing that she relinquished her dower; 5th. There is no day given defendant to pay off the mortgaged debt;

6th. Because the bill prays that subsequent incumbrancers may be barred without making them parties.

There were other causes of demurrer assigned, but the above embrace all that were noticed by the court.

The demurrer was sustained and the bill dismissed, which is assigned for error.

*W. & J. R. Yerger,* for appellants.

No counsel for appellees.

SIMRALL, J. :

The question litigated in this court is the decision of the chancellor, dismissing the complainant's bill, on the demurrer of the defendants.

The original bill was in the name of George W. Byrne & Co., for the use of Pike, Brothers & Co. The amended bill is an iteration literally of the original, except that it is in the name of George W. Byrne and Alfred Dameran, constituting the copartnership of George W. Byrne & Co., complainants, against the defendants, the widow and heir of Hamilton Taylor, deceased. The bill is to foreclose a mortgage made by Hamilton Taylor (since deceased) and Maria, his wife. It seems to stand upon authority, as an exception to the general rule, that the administrator of the deceased mortgagor is not a necessary party defendant. Story's Eq. Pl., § 175 ; Knight v. Knight, 3 Atk. 333 ; Cooper's Eq. Pl. 38. In a suit in equity against the heir upon the bond or covenant of his ancestor, the administrator of the obligor is a necessary party, for the reason that the personal estate is the natural and primary fund for payment of debts, and this ought to be so applied in exoneration of the land, which may be done by one suit. Maddox v. Jackson, 3 Atk. 406 ; 1 Story's Eq. Jur., § 571 ; Story's Eq. Pl., § 173. The heir has the same right that the personal property shall be first applied to pay off the mortgage debt, but the authorities do not compel the mortgagee to bring in the administrator as party to his foreclosure suit, but leave

the heir to his remedy over against him for re-imbursement. But if there be no legal representative, as averred in the bill, there is ample excuse to proceed against the heir. The first cause of demurrer is not well assigned.

The second, third and fourth causes relate to the attitude of the widow of the mortgagor, and her interest in the land, and execution of the mortgage.

She is a necessary defendant; as widow, she would be entitled to dower in the premises, and to protect that interest would have a right to redeem, by paying off the debt, and calling upon the heir for contribution. If the premises were her property, the mortgage would be valid to the extent of the income. Perhaps the presumption would be that the title was in the husband, and that she joined in the deed to cut off her contingent right of dower. In Denniston et al. v. Potts, the mortgage was executed by Ferriday and wife, and she was declared to be a necessary party, because of her dower claim, and privilege of redemption, the presumption being indulged that the title was in the husband. 11 Smedes & Marsh. 37.

If the lands belong to Mrs. Taylor, in her own right, she can disclose that matter in her answer, and confine the mortgage to the income.

The lands, tenements or hereditaments of a married woman, or "her right of dower," shall pass by a deed made by her and her husband duly acknowledged, etc. Code of 1857, art. 32, p. 313. The statute is in negative words, "the lands  *  *  *  or her right of dower shall not pass by deed of herself and husband  *  *  *  without a previous privy examination of herself before some competent officer." It has not been the practice to incorporate in the body of the deed or the acknowledgment, a recital that the wife unites in the conveyance to alienate her right of dower. This is assumed in the case cited from 11 Smedes & Marsh. The examination is "privy" as to the husband; out of his presence, because the wife is "*sub potestate viri*," and the officer must show that she was removed from the control

and restraint, implied in the presence of the husband.   But the averment in the bill is that the deed was duly acknowledged.   The bill is all that can be looked at in determining its sufficiency on demurrer.

The prayer is, "that the usual decree for the sale of the premises may be made, and for other and further relief, as the nature of the case may require."   There is no difficulty in adapting the decree to the circumstances of the case, by giving a day of payment before sale is made.

The bill does not disclose that there are other incumbrancers, by name, subsequent to the mortgage, and it could not, therefore, be objected that they were not made parties. The effect of the prayer is, if there be such, that they may be made parties and be permitted to defend their claims.

We think that the bill ought not to have been dismissed. The complainant ought to describe in his pleading the mortgage premises.   Upon return of the case to the chancery court, leave will be given him to do so.

*Decree reversed and cause remanded.*