Walker & Bro. *v.* Hasser.

The rendition of the judgment is the error assigned.

———————◆———————

## B. WALKER & BRO. *v.* E. HASSER.

1. PRACTICE: JUDGMENTS: MOTION TO SET ASIDE UNDER ORDINANCE OF AUGUST, 1865.—By the ordinance of the Convention, adopted August 23, 1865, any judgment rendered after the 9th of January, 1861, and prior to the date of the ordinance, may be set aside upon affidavit, that the party against whom the judgment was rendered was unavoidably absent from the court at which the judgment was rendered, and had no attorney present in court, and that the judgment is unjust.

ERROR to the Circuit Court of Yalobusha county. Hon. Wm. Cothran, judge.

*W.* and *J. R. Yerger* for plaintiff in error.

No counsel for defendant in error.

HARRIS, J., delivered the opinion of the court.

Walker & Bro. v. Hasser.

On the 30th day of November, 1860, plaintiffs in error sued out an attachment from the Circuit Court of Yalobusha county against the estate of the defendant, which was levied on the property of defendant. On the 21st of February, 1861, the defendant, by his attorney in fact, entered an appearance on the back of the attachment, with leave to plead or demur to the declaration when filed, and waiving notice by publication or otherwise. On the 25th of April, 1861, the declaration was filed. At the October term of the Circuit Court, the case was continued by plaintiff at his cost. At the April term, 1862, a judgment appears on the record against plaintiff and his securities, on the attachment bond, dismissing the cause for want of prosecution, and for costs of suit in favor of defendant.

At the April term of the Circuit Court, 1866, a motion was made by plaintiff in error to set aside the judgment by default, and reinstate the cause on the docket upon affidavit filed, showing that it was dismissed from the docket in the absence of plaintiff in the year 1862, and that the cause of action is just, &c.

The court overruled this motion, a bill of exceptions was filed, duly taken and allowed, and the cause brought to this court on writ of error.

No appearance is made by the defendant in error in this court; and it does not appear in this record upon what ground the judgment of the court below, refusing the motion, was founded. The cause is presented here by counsel for plaintiff in error alone; and it is insisted that the motion should have been allowed, and the cause reinstated, under the ordinance of the convention adopted 23d August, 1865, c. 7, s. 3, which provides, that in all cases in which judgments have been rendered in the circuit courts of this State since the 9th of January, 1861, and prior to this date, the party against whom such judgment has been rendered shall be entitled to a new trial, upon his filing an affidavit that he was unavoidably absent from the court when the judgment was rendered, at the time of its rendition, and that he had no attorney present in court, and that he believes that the judgment is unjust.

The affidavit appearing in the record fully brings the case within the provisions of the ordinance requiring the allowance of a new trial, and in the absence of any argument, brief, or suggestion, by the defendant or his counsel, involving the validity of that ordinance, we are not disposed to investigate it on the argument of the plaintiff alone, who insists on its validity. We sit here to *decide* the *issues* properly made by the parties litigant, and not to make issues for them, or to determine questions neither made in the court below, nor made, nor discussed here.

Treating the ordinance, therefore, as it is treated by the parties to this litigation so far as the record shows, we think the motion in the court below, to reinstate the cause, should have been granted and a new trial allowed.

Let the judgment be reversed, and cause remanded for further proceedings.