JULIA A. WEEKS et al. vs. STEPHEN THRASHER et al.

1. ADMINISTRATOR, C. T. A.: *Sale of lands. Case in judgment.*
   The executor of Mrs. T. resigned, and S. T. was appointed administrator *c. t. a.* The will directed the sale of a certain lot of land. S. T. advertised the land for sale under the will. W. enjoined the sale, claiming to have purchased the land from the heirs. The administrator answered, and, upon final hearing, the court decreed a perpetual injunction against the sale under the will, and also decreed a sale of the land to pay debts. *Held,* that this decree to sell the land to pay debts was improper and unauthorized, as neither of the parties had asked for such relief or such decree.

APPEAL from the Chancery Court of *Claiborne* County.
Hon. E. G. PEYTON, Jr., Chancellor.

The material facts appear in the opinion of the court.

Appellants assign for error that portion of the decree herein which orders a sale of the real estate involved, inas-

much as the heirs of the said decedent are not all parties hereto, and for the further reason that said decree blends the jurisdiction of probate and chancery.

*J. D. Vertner*, for appellants :

If the will authorized the administrator to sell, the injunction should have been dissolved ; if not, the decree should have simply perpetuated the injunction. The court took the latter view, and, in the exercise of its probate jurisdiction in relation to sale of lands of an *insolvent estate*, this was blending the two jurisdictions. It was error to render a decree against parties not before the court. This proceeding was contrary to law and practice, and is a void decree. The order of sale in the decree is irregular and wanting in the precedent steps by law provided, and, for this reason and the other considerations named, this clause of the decree ought to be reversed and the administrator *c. t. a.* forced to take the steps provided for the sale of lands of an insolvent estate.

*Berry & Drake*, for appellees :

1. This being a probate matter probate practice should govern it. 44 Miss., 304 ; ib., 429 ; ib., 565.

The probate court had no jurisdiction over the assignment of the heirs, or of the assignee. 38 Miss., 104 ; 36 ib., 187, 329 ; 35 ib., 636 ; 34 ib., 289 ; 28 ib., 710.

Consent cannot confer jurisdiction. 41 Miss., 670 ; 40 ib., 50 ; 4 S. & M., 563.

To maintain an action to remove cloud from title, the party must have a perfect legal or equitable title. 32 Miss., 272 ; 33 ib., 296 ; 44 ib., 662 ; 37 ib., 615.

2. The heirs had no title to be divested. 37 Miss., 615. The will directs the sale of the land, and the administrator *c. t. a.* shall execute the trust. Code, 1871, § 1194 ; 24 Miss., 395 ; 36 ib., 367.

CAMPBELL, J., delivered the opinion of the court.

Caroline M. Thompson died in 1861, leaving a will which

empowers her executors, or either, to sell a certain lot of land. The will was probated, and letters testamentary granted to one, who afterwards resigned. In 1867 letters testamentary *c. t. a.* were granted to Stephen Thrasher, who proceeded to obtain a decree declaring the estate insolvent; but said decree of insolvency, instead of ordering said lot to be sold, ordered "that the parol in this matter do demur, and that this cause do stand continued from term to term until said Frank P. Thompson shall attain his majority, then to be proceeded in in conformity to law and the rights of the parties." This was in October, 1868. In 1872 Stephen Thrasher, administrator *c. t. a.*, advertised that he would sell said lot by virtue of the power conferred by the will of said testatrix, and Mrs. Julia A. Weeks exhibited her bill averring that, in the year 1872, and month of February, she purchased said lot from the children and heirs of said testatrix and obtained their conveyance of it, and that there were no debts of said testatrix, and that the administrator *c. t. a.* had no right to sell the lot, etc., and prayed injunction to prevent sale. The injunction was granted and the bill answered by the administrator. Two amended bills were afterwards filed, by leave of court, and the cause progressed to final hearing, when a decree was made perpetually enjoining the administrator from selling the lot under the provisions of the will, but ordering him to sell it to pay debts, upon his giving bond to be approved by the court. From this decree Julia A. Weeks appealed, and assigns as error the decree directing the sale of the lot by the administrator on his giving bond.

It is impossible for us to understand how a decree could be made in this case for the sale by the administrator of the lot mentioned. Mrs. Weeks enjoined the administrator from selling under the will, as he was about to do. Upon his answer, and at the hearing, the court made the injunction asked by Mrs. Weeks perpetual, and ordered the administrator to sell the lot. Neither Mrs. Weeks nor the administrator had asked such a decree. The answer of the administrator could

ask no relief, and the court could grant none to defendants. It granted all that complainants asked, and the order of sale of the lot was wholly unauthorized and improper.

So much of said decree as directs the sale of said lot is reversed and set aside, and in all other respects it is affirmed.