E. C. BELL *v.* CLARK, HOOD & CO.

1. MORTGAGE. *Joint debt. Limitation. Personal liability.*

A mortgage of her land by a wife, to secure the joint debt of herself and husband, will, after his death, be binding on the land, although her personal liability for the debt be meantime barred by limitation, the debt as to his estate not being barred.

2. CHANCERY COURT. *Joinder of complainants. Common interest. Cancellation.*

Where a bill is filed jointly by a mortgagee and mortgagor, the only interest common to both being the cancellation of a trust-deed given by the latter to defendant, and the enjoining of a sale thereunder, and the bill shows that the trust-deed is valid and enforcible as against such mortgagor, being merely junior in right to his co-complainant's mortgage, a demurrer to the bill should be sustained.

3. SAME. *Chancery pleading. Relief. General prayer.*

The demurrer should be sustained, notwithstanding a prayer in the bill for general relief, since, on the facts stated, no relief could be afforded

the complainant mortgagor except such as is incidental to foreclosure of his mortgage, and the mortgagor is not a defendant, but a complainant.

4. SAME.   *General prayer.   Certainty.*

    While under the general prayer, any relief consistent with the bill, and within its scope, may be granted, it must be such as can be afforded on the facts stated, and it must appear that defendant is fairly apprised of the relief sought.  *Weeks* v. *Thrasher*, 52 Miss., 142.

FROM the chancery court of Pontotoc county.

HON. BAXTER McFARLAND, Chancellor.

In 1885, appellees, Clark, Hood & Co., assignees of a judgment against W. A., J. G. and J. M. Dozier, caused execution thereon to be levied upon certain lands as the property of J. M. Dozier.  J. M. and J. G. Dozier were also indebted to complainant, Clark, Hood & Co., in other sums, for which the latter brought suit and recovered judgments.  The Doziers filed their bill to enjoin the sale of the lands levied upon under the judgment, and, J. M. Dozier having meantime conveyed the lands in controversy to his wife, Clark, Hood & Co. filed a bill against the judgment defendants and Louisa Dozier, the wife of said J. M. Dozier, to set aside the conveyance, alleging that it was made for the purpose of hindering, delaying and defrauding creditors.  These several matters of controversy culminated in a written agreement of compromise, pursuant to which J. M. and J. G. Dozier and Louisa Dozier promised to pay Clark, Hood & Co. $3,500 in full satisfaction of all their demands, and, for the security of this, they executed their joint promissory notes, payable in installments, and also executed a deed of trust on the lands in controversy, which had been conveyed to Mrs. Dozier.  It was further agreed that judgments and decrees should be rendered in favor of Clark, Hood & Co. against the Doziers for the full amounts sued for, but these were to be considered as satisfied by the execution of the notes and trust-deeds provided for by the compromise agreement.  It was further stipulated that none of the priorities equitably belonging to the debts in favor of Clark, Hood & Co. should, in case of future liti-

gation, be waived or relinquished. The date of the compromise settlement, and of the notes and trust-deed executed in pursuance thereof, was August, 1886.

Pending the suits above mentioned, and a few months before the said adjustment, J. M. and Louisa Dozier executed to appellant, E. C. Bell, a deed of trust on the land in controversy, to secure an indebtedness due to Bell. Subsequently, before payment of the indebtedness to Clark, Hood & Co., and before the bar of the statute of limitations had attached, J. M. Dozier died. In December, 1892, the trustee in the said deed of trust executed by J. M. and Louisa Dozier in favor of Bell, advertised the land to be sold, whereupon Clark, Hood & Co. and Louisa Dozier filed this bill to enjoin the sale. The bill sets out the facts as above narrated, and, after asserting complainants' priority, prays that the sale under the deed of trust in favor of Bell be enjoined, and the trust-deed canceled. It also prays for general relief.

The defendant, Bell, demurred to the bill, on the ground, among others, that it did not show that complainants were entitled to any relief against defendant, and because it appeared that the note and trust-deed to Clark, Hood & Co. were barred by the statute of limitations. From a decree overruling the demurrer, defendant appeals.

*J. D. Fontaine*, for appellant.

The fact that the debt, as to appellee, Louisa Dozier, was barred, did not invalidate the trust-deed jointly executed by her and her husband. The deed of trust was given to secure their joint note, and, so long as any part of the debt was not barred, the lien existed. If it be conceded that Bell's trust-deed is junior to the liens of Clark, Hood & Co., its foreclosure could not prejudice them. It would merely pass an equity of redemption, which is an estate in the land. 3 Waite on Ac. & Def., 143; *Buck* v. *Payne*, 52 Miss., 271. Such a sale would not even cast a cloud on a prior lien or superior title. The demurrer should have been sustained.

*J. A. Blair*, for appellees.

The indebtedness to complainants, Clark, Hood & Co., was not barred when the bill was filed. It was stipulated in the compromise and settlement, that all liens existing by virtue of their judgments and creditor's bill should remain in force. Nothing has ever been paid on the indebtedness, and no liens have been discharged or relinquished. There has merely been a change in the form of the indebtedness, and the statute of seven years, applicable to judgments and decrees, applies. A court of equity will look through the form to the substance, and keep alive the original security, if justice requires it. *Howell* v. *Bush*, 54 Miss., 437 ; *Schumpert* v. *Dillard*, 55 *Ib.*, 348.

All that the bill really claims, aside from the statute of limitations, is that the equitable rights of complainants are superior to those of the defendant, and if, in the specific prayer of the bill, complainants have prayed too much, under the general prayer, they should have such relief as, on the facts, they are entitled to. Story on Eq. Pl., § 40 ; *Byrne* v. *Taylor*, 46 Miss., 95. On the general equities of the bill, see *Bank* v. *West*, 67 Miss., 729.

Cooper, J., delivered the opinion of the court.

The demurrer to the bill should have been sustained, and the bill dismissed. It is difficult to conceive of any interest in the controversy common to the complainants other than that of having the security of the defendants upon the lands of Mrs. Dozier canceled, and this is the specific relief prayed by the bill. That complainants were not entitled to secure this result is manifest. The utmost that Clark, Hood & Co. can claim, as against the deed of trust to Bell, is that their mortgage is prior in right, though junior in date, to his ; or, failing in this, that the decree of the chancery court in ·the case of *Clark, Hood & Co.* v. *J. M. Dozier et al.* should now be executed. They are not entitled to cancel the security of Bell, for he and they are simply creditors, having security

upon the same property. It is nothing to them whether the deed of trust under which Bell claims is or is not canceled if the priority they assert is allowed.

Mrs. Dozier is not entitled to any relief against the defendants. She bound her lands for the payment of the debt named in the deed of trust by the deed; she bound herself by the note. Her personal liability has been discharged by lapse of time, but the death of Mr. Dozier, who was also personally bound on the note, has preserved the liability of his estate. The note, as to his estate, is yet alive, and, because it is, the deed of trust upon Mrs. Dozier's land for its security also lives.

The specific relief prayed cannot be granted, and unless, under the prayer for general relief, a decree can be made in favor of the complainants, or some one of them, the bill should have been dismissed.

It was formerly the rule in equity that no relief could be granted under the general prayer which was inconsistent with that specially prayed. *Weymouth* v. *Boyer*, 1 Ves. Jr., 416; *Palk* v. *Lord Clinton*, 12 *Ib.*, 48; *Walpole* v. *Lord Oxford*, 3 *Ib.*, 402; *Grimes* v. *French*, 2 Atk., 141; *Kornegay* v. *Carroway*, 2 Dev. Eq., 403. In modern practice the rule is more liberal, and under the general prayer any relief consistent with the bill and within its scope may be afforded, though it be inconsistent with the specific relief prayed. *Dodge* v. *Evans*, 43 Miss., 570; *Mhoon* v. *Wilkerson*, 47 *Ib.*, 633. But the relief must yet be such as can be afforded on the facts stated, and it must appear that the defendant is fairly apprised by the bill that the relief is sought by the complainant. *Weeks* v. *Thrasher*, 52 Miss., 142.

Mrs. Dozier is entitled to no relief, and the only relief which could be afforded to Clark, Hood & Co. against the defendant would be incidental to that afforded them as against Mrs. Dozier, the mortgagor. But she is a complainant with them, and not a defendant against whom any relief is prayed. If the bill as stated should be taken as

confessed against the defendants, it is evident that no proper decree granting relief could be entered. Under such circumstances a demurrer should be sustained.

*Decree reversed, demurrer sustained and bill dismissed as to Mrs. Dozier, and remanded with leave to Clark, Hood & Co. to amend.*