UNITED STATES CASUALTY CO. OF NEW YORK CITY *v.* MALONE.

[88 South. 709, No. 21725.]

APPEAL AND ERROR. *Equity. What relief allowable under prayer for general relief in equity stated; case will not be remanded to allow pleadings to be filed on theory advanced for first time on suggestion of error on appeal.*

In equity pleading, where there is a prayer for specific relief and a prayer for general relief, the court may grant such relief as the facts stated in the bill, and supported by the proof, may warrant; but it cannot grant relief on a clause in an exhibit to the bill which has not been declared on in the bill, even though under a possible state of facts the complainant would be entitled to such relief. Where a case was tried in the court below on the allegations made in the bill, and an appeal here was tried on the same facts and theory, and, for the first time, on suggestion of error a possible theory advanced, predicated upon an exhibit to the bill, but not declared on in the bill, the court will not remand the cause to enable a party to file pleading in a new state of facts not embodied in the bill and not germane to the case tried on appeal.

On suggestion of error. Suggestion of error overruled. For former opinion, see 87 So. 896.

ETHRIDGE, J., delivered the opinion of the court.

In the suggestion of error in this case it is said that we erred in our former opinion in four particulars, viz.:

"(1) In holding that the proof is insufficient to show the injury complained of.

"(2) In holding that the injury was intentional, and not an accident.

"(3) In reversing the chancellor on the facts and holding that there is no liability whatever.

"(4) In failing to give alternative relief under the general prayer of the bill."

As to the first three grounds of error assigned, we are satisfied to rest upon the opinion formerly rendered.

As to the fourth ground of error, it might be sufficient to say in answer to this, that the bill nowhere declared upon the clauses of the policy relied upon by counsel for the granting of relief under the general prayer of the bill, and the case when before us was not argued upon any such theory.

It is contended in the suggestion of error that the policy was made an exhibit to the bill, and that the policy contained clauses as follows:

"In consideration of eight dollars and seventy-five cents premium and the statements contained in the schedule of statements indorsed hereon and hereby made a part hereof, which statements the insured makes and warrants to be true and material by the acceptance of this policy, the United States Casualty Company, herein called the company, insures, subject to the provisions and conditions and definitions and limitations herein, Steven Nelson Malone, of Natchez, Mississippi, herein called the insured,   .   .   . against loss resulting directly and independently of any and all other causes, from any disease or illness contracted while this policy is in force, which disease or illness wholly disables the insured and confines him in doors, herein called such disease or illness as follows:   .   .   .

"Section B.   Loss of   .   .   .   limb indemnity.   Loss of   .   .   .   one leg in lieu of loss of time indemnity, one thousand, three hundred dollars."

"Section C.   Additional indemnity for surgical operations, if such disease or illness shall within ninety days

126 Miss.—19.

from its contraction and independently of any and all other causes necessitate one of the surgical operations enumerated in the schedule of surgical operations, and set forth below, the company will pay the indemnity otherwise herein provided, the amount specified for such operation in said schedule, but payment shall not be made for more than one operation not enumerated in said schedule, nor for any operation resulting from any disease, illness, or condition existing or contracted prior to the issue of this policy. Schedule of surgical operations. . . . Amputation of leg above knee, one hundred dollars."

The suggestion of error then states: "It is the contention of the appellant, as made by the testimony in this case, as set forth in their pleadings in this case and as set forth in the letter from their claim examiner, J. P. Bennett, in Exhibit B to the bill of complaint, that the amputation of the leg and subsequent death resulted 'from disease or sickness of nontraumatic origin,' and that this amputation and death was due to disease, to wit, diabetes gangrene."

Further in the argument on this question the suggestion of error says: "In advancing the complainant's right to this alternative relief, we are fully conscious of the fact that we are asking for something which the bill does not specifically sue for. Ordinarily pleadings must be construed most strongly against the pleader and ordinarily we would not be entitled to recover the one thousand, four hundred dollars without specifically suing for it. But our right to the one thousand, four hundred dollars is really advanced by the defendant in this cause. Our alternative rights grow out of the defense put forth and stressed and relied upon by the defendant insurance company itself. The company pleads that the death benefit cannot be recovered because there was a disease and a consequent operation made necessary by the disease. When the company therefore pleads the existence of a disease, it not only admits, but necessarily pleads, the complainant's right to the disease benefit and to the operation made necessary by the disease. If the learned chancellor, in trying this case, had,

for a moment, indicated that the complainant could not recover the seven thousand, five hundred dollars, then the complainant would have had the option and right to ask the court for permission to amend the bill so as to specifically pray for the one thousand, four hundred dollars, and the chancellor, of course, would have granted this relief."

This contention appears for the first time in the suggestion of error and is ably pressed upon us, but we think we are not authorized to sustain the contention of the appellant as to this because the bill did not present this question, but predicated the case for the complainant entirely upon the provision of the policy for the death benefit. It is the general rule of equity pleadings that no relief can be granted except such as are warranted by the allegations of the bill.

In 16 Enc. Pl. & Pr. 804, it is stated:

"(4) Under a general prayer the plaintiff may have such relief as is agreeable with the complaint and the case made, where such relief is entirely within the scope of the prayer, or extends and effectuates the specific relief sought.   .   .   .

"(5) As already seen, the office of a general prayer is to enable the court to grant the relief which a case warrants if the plaintiff has mistaken the special relief he seeks, to extend and make more effectual the specific relief sought, or to enable the court to grant appropriate relief if for any reason it is unable to grant the specific relief asked; therefore, where the plaintiff inserts both a special and a general prayer, if the relief to which he is entitled is inconsistent with that specifically prayed, under the general prayer he may have such relief as is consistent with the complaint and the case-made and with the relief specifically prayed.   But relief which is entirely distinct from and repugnant to the special relief prayed cannot, it has been held, be granted under a general prayer. But it has also been held that under the general prayer any relief consistent with the bill and within its scope

may be afforded, though it be inconsistent with the specific relief prayed."

In Shipman on Equity Pleading, p. 226, the rule is stated as follows:

"The special prayer or prayers for relief, if no general prayer is used, should, as has been seen, ask for what the complainant is entitled to upon the case stated, or the bill may be dismissed; but, when followed by the general prayer, the latter will operate to save his rights to the extent of any relief warranted by the facts alleged and proved, when the special prayers are too narrow, or are incongruous or inappropriate, though not to the extent of giving him relief distinct from and independent of that specially prayed for, or inconsistent with the latter. The limitations thus made are obviously necessary, as otherwise the complainant could, by his special prayer, mislead his opponent, and then, under the general prayer, obtain relief which the latter might have prevented. A court of equity will not permit a bill framed for one purpose to answer another, to the surprise or prejudice of a defendant; nor can special relief prayed for, and not objected to, he abandoned in favor of a different decree under the general prayer, though it seems that, if the bill shows a case for relief different from that specially prayed for, the complainant should be allowed to amend, and thus obtain what he is entitled to, but the amendment can only be allowed under these circumstances, not to make a different case."

See, also, Fletcher's Equity Pl. & Pr., section 77, p. 109 et seq.; Puterbaugh's Chancery Pl. & Pr. (3d Ed.), pp. 58 and 59.

In the case of *Bell* v. *Clark,* 71 Miss. 603, 14 So. 318, in the fourth syllabus the rule is stated as follows: "While under the general prayer any relief consistent with the bill and within its scope may/be granted, it must be such as can be afforded on the facts stated, and it must appear that defendant is fairly apprised of the relief sought. *Weeks* v. *Thrasher,* 52 Miss. 142."

See, also, *Barkwell* v. *Swan,* 69 Miss. 907, 13 So. 809; *Weeks* v. *Thrasher,* 52 Miss. 142.

In *Hardy* v. *Gregg,* 2 So. 359, it was said: "An account of rents and profits cannot be taken when there is no allegation in the bill showing a right to an account, and no prayer for an account."

We do not think we should reverse and remand a case for the purpose of having an amended bill filed to set up a matter which was not already before the court below and was not presented to this court on the original hearing, and which the opposing party was not called upon to answer or meet in the trial below. We express no opinion as to whether a new suit could be brought so as to set up the said matters, but we do think and say we are not authorized to grant the relief relied on in this ground of error on the allegations of the bill in the record. It is true the policy is attached as an exhibit to the bill, but the allegations of the bill nowhere charge liability under those terms of the policy now sought to be relied upon.

The suggestion of error will therefore be overruled.

*Overruled.*