BALL *et al. v.* JONES *et al.*[*]

(Division B.    Jan. 26, 1925.)

[102 So. 563.    No. 24755.]

SCHOOLS AND SCHOOL DISTRICTS.    *Single school trustee cannot appeal from judgment unfavorable to board of trustees.*

The trustees of public schools, when sued in their official capacity, must act by a majority, and a single trustee cannot prosecute an appeal from a judgment unfavorable to the board of trustees.

---

[*]Headnote.    School & School Districts, 35 Cyc., p. 862 (1926 Anno.).

APPEAL from chancery court of Simpson county.
HON. T. P. DALE, Chancellor.

Suit by Wilson Jones and others against F. M. Ball and others, trustees of the Goodwater Public School. From decree for complainants, R. I. Tullos, one of trustees, appeals. On motion to dismiss appeal. Appeal dismissed.

*Hilton & Hilton,* for appellant.

Appellee is correct in stating that R. I. Tullos, trustee, alone makes the appeal here. F. M. Ball, county superintendent of education, and Duckworth and Runnels, trustees, did not join in the appeal. He is further correct in stating that the appeal is taken by Tullos under section 76, Hemingway's Code. Appellee cites the case of *Gibson* v. *Carr,* 91 Miss. 773, as authority against the appeal here. In doing so he has overlooked section 19, Hemingway's Code. The clerk is now issuing process for the other two trustees and the county superintendent of education to appear before this court at the proper time to indicate whether they desire to unite in this appeal or not. That this is the proper procedure, see

.the case of *Tardy* v. *Rosenstock,* 118 Miss. 720, and also, *Avent* v. *Markette,* 109 Miss. 835.  Section 76, Hemingway's Code, will apply to any state, county, integral part of a county, or district thereof, or municipal or village officer.  This court has held that a school district is an integral or unit of a county, or one of its subdivisions, and is controlled in the same manner and way as county matters.  The trustees of schools, therefore, are officers of such subdivisions, and as such, are entitled to the same rights, benefits, and protection as county and state officers.

However, if the wrong interpretation has been given this statute, we respectfully move this court to await the return of process on the other interested parties to the judgment that did not participate in this appeal before passing upon the motion herein; and if then they believe that the appeal is not in proper form, we respectfully move the court to fix the amount of appeal bond necessary and give to appellant herein a reasonable time in which to file such bond with this court.  And for authority we cite, *Wills* v. *Howie Bros.,* 109 Miss. 568; Section 34, Hemingway's Code.

*W. M. Lofton* and *J. P. Edwards,* for appellees.

Under our law, every litigant, who feels aggrieved at the decision of the chancery court and desires to have his cause reviewed by the supreme court must make an appeal bond, unless he comes within one of the exceptions mentioned in section 94, Code of 1906, or some subsequent statute, which authorizes an appeal without bond.  This section is the same as section 76 Hemingway's Code, which is the section mentioned in the petition for an appeal filed in this case by R. I. Tullos, which petition he files in lieu of an appeal bond.  And this section does not give authority for an appeal without bond by a trustee of a public school, and does not remotely suggest such a thing.  In this case, the state is

not a party and neither is the county, or any city, town or village, or any of the officers thereof. A trustee of a public school is certainly not an officer of the state, county, or any city, town or village, but is merely an officer of a public school, and as such has no right under the law to appeal without giving bond, as the law cited does not provide that a trustee of a public school can appeal without bond. This statute does provide that "the several incorporated charitable or educational institutions established and maintained by the state, shall be entitled to appeal — without giving an appeal bond," but this would not include a public school. It is true that the public school is an educational institution and is established and maintained by the state, but it is not "incorporated," but exists by virtue of the constitution and the laws of the state. A trustee of an ordinary public school cannot appeal to the supreme court without giving an appeal bond, and that a petition for an appeal will not be a compliance with the plain mandatory provisions of the statutes of the state.

The second cause why this motion to dismiss said cause should be sustained, is, it will be noted that the only party attempting to appeal is "R. I. Tullos, trustee of the Goodwater Rural School," but let the court bear in mind that the pleadings and the testimony show that Goodwater is just an ordinary public school, and that it has three trustees, which is the number fixed by law for a public school. One of the trustees is one of the complainants in this suit and he is one of the appellees in this court. I need not argue to this court that it takes a majority of the trustees to constitute a *quorum* to transact business. Now, if it takes a majority of the trustees of a school to transact business for the school, then there cannot be an appeal taken by one trustee, even though he had made an appeal bond. The court will bear in mind that this is an official act of the trustees and the law says that it takes a majority of the trustees to constitute a *quorum* to transact business. Section

74, School Laws of 1924. This court held in a case between private parties that where a judgment is rendered against a firm, one partner alone is not entitled to an appeal. *Gibson* v. *Carr,* 91 Miss. 773, 45 So. 864. I submit in confidence that this motion should be sustained, and the appeal dismissed and a judgment rendered against appellant, R. I. Tullos, for all costs.

ETHRIDGE, J., delivered the opinion of the court.

Wilson Jones et al., citizens of Simpson county, and patrons of a public school in said county, filed a bill in the chancery court alleging that the county school board at the August meeting, 1924, passed an order undertaking to change the location of Goodwater public school, and challenged the validity of the order so passed as being insufficient to designate the location of the school. The bill was to enjoin the trustees from erecting the school building in accordance with the said order, said to be void. The chancellor decreed for the complainants, and the only person attempting to appeal from the decree of the chancellor is R. I. Tullos, one of the trustees.

The motion to dismiss the appeal, among other grounds, alleges that because Tullos is one of the trustees, and is in the minority, that he was made a defendant in his capacity as trustee, and that neither of the other two trustees (there being three) joined in the appeal, and there was no order of the board of trustees taking said appeal.

We think the board of trustees must act by a majority, and it would require at least two of the trustees to prosecute an appeal, unless the board of trustees would enter written order demanding the appeal.

In the present case one of the trustees was a complainant, but the suit was against the board of trustees as such and not as individuals, and the fact that one trustee was dissatisfied with the judgment of the court

would not give him the right to act alone in prosecuting the appeal. Section 19 Hemingway's Code (section 43, Code of 1906), is only applicable to individual defendants. The motion to dismiss will therefore be sustained.

*Motion to dismiss sustained.*