### Armstrong v. Jones.

(Division A. Nov. 16, 1936. Suggestion of Error Overruled Dec. 14, 1936.)

[170 So. 637. No. 31958.]

360

W. A. Geisenberger and Geo. W. Armstrong, both of Natchez, for appellant.

**Whittington & Brown,** of Natchez, for appellee.

Argued orally by **Geo. W. Armstrong**, for appellant, and by **Joseph E. Brown**, for appellee.

**McGowen, J.**, delivered the opinion of the court.

On the 17th day of February, 1931, John H. Kirby and appellant, George W. Armstrong, sold and conveyed, by warranty deed, to J. M. Jones, the appellee, and Geo. W. Gillen, his associate, as set forth in that deed, the following property: (1) "All of the cypress, cottonwood, elm, maple, gum, sycamore, red oak, tupelo and willow timber and trees, of all sizes, or of such sizes, or of such sizes as the grantees herein, their representatives, heirs or assigns, can or may saw into lumber, lying, standing, growing and being upon the following described lands situate in the Counties of Adams and Wilkinson in the State of Mississippi: [Here follow the descriptions of many tracts of land.]"

The consideration recited in the deed was thirteen thousand four hundred thirty dollars and seventy-four cents in cash, and two promissory notes, each for a like amount, due in one and two years.

It is further recited in the deed: (2) "And for said consideration we do hereby also convey and warrant unto the said J. M. Jones and Geo. W. Gillen the right to enter upon said lands and cut and remove or manufacture the timber herein and hereby conveyed therefrom or any part thereof at any and all times during and within the period of ten years from the date."

The deed further stipulates: (3) "It is further understood and agreed by us that the grantees herein shall not be liable for any damage done to small trees or tree growth not included in this conveyance in the cutting and removal of the timber or in exercising any of the rights, privileges and easements herein conveyed; further, that the grantees shall have the privilege and right to use any small timber even though not herein conveyed, except Ash, in building bridges, laying crossways, or making roads of any kind, without cost or charge to the grantees."

The deed further recited: (4) "It is understood that the timber and trees herein sold includes all the hardwood and cypress timber and trees specified on page one hereof, standing, growing and being on the lands herein described and designated, which purchasers can or may saw and manufacture profitably into lumber, or sell as sawmill logs on the open market. *Purchasers hereby bind themselves not to manufacture or sell* crossties, telephone or telegraph poles, piling or posts from any cypress trees standing, lying upon and being on any of the lands above described." (Italics ours.)

There is this further stipulation in the deed: (5) "It is expressly understood and agreed that when purchasers have once cut over by removing all timber and trees conveyed on all of any one tract or plantation herein described, they shall release said tract to owners, and shall not have further right to enter said tract so released except for the purpose of ingress and egress to some other tract or plantation herein described from

which the removal of the timber has not been completed by purchasers.''

The numbers preceding the quoted parts of the deed herein are arbitrarily adopted by the court.

Subsequent to the execution of this deed, Kirby conveyed his interest in the land on which the timber stood to Armstrong, the appellant, and Gillen conveyed his interest in the timber and trees to the appellee, Jones, thus making the controversy herein between the appellant and appellee.

On June 26, 1934, Armstrong, the appellant, the then owners of the land on which the timber was situated, filed his bill in the chancery court for an accounting, and for an injunction against the appellee, Jones, from cutting timber of certain sizes, alleging, in broad terms, that timber and trees not contemplated in the contract had been cut and removed from the premises. The appellant's precise contention is that the deed conveyed only timber and trees which would measure fourteen inches or more in diameter at the top end of the first cut sixteen feet from the ground, and prohibited the appellee from cutting any timber larger than that or that would not make logs that would grade number two and better. His further contention was that no cypress trees were to be cut and removed from his lands which were suitable and adapted for crossties, telephone or telegraph poles, and piling. He further contended that Jones was asserting the right to cut and remove the growth of timber which, at the date of the execution of the deed, was smaller than the dimensions mentioned above but afterwards grew to be larger.

The appellant filed with his bill, as an exhibit, a written contract which had been entered into between the parties before the date of the deed, the only pertinent part of which, in connection with this case, is that the consideration to be named in the deed and paid by the grantees was to be ascertained by a cruise of the trees of

the size of fourteen inches and up, as above stated. It is perfectly clear that the method of ascertaining, by cruise, the consideration did not affect the property to be conveyed. This cruise had been made, the consideration had been ascertained, and it is clearly recited in the deed.

The appellee, in brief, denied that he had cut and removed any timber which he did not manufacture profitably into lumber, and that he had, in all respects, complied with the terms of the deed as to the timber, and averred that the timber, or trees, some of which measured as low as eight inches in diameter at the date of the deed, was manufactured profitably into lumber. Jones further averred that, by the terms of the deed, he was entitled to the growth of the timber during the period of ten years, the limit of his right to cut and remove timber.

We are not inclined here to set forth, in detail, the evidence, which is much confused, because the record is on a bill of exceptions made up without the stenographer's notes.

1. The evidence shows that, before the execution of the written contract and subsequent thereto, there was much correspondence in the negotiations between the parties to this deed; but it is perfectly apparent that all the parties were dealing at arm's length, Armstrong's effort being to reserve as much timber as possible and to sell that not reserved for as high a price as possible, and Jones, on the other hand, insisting upon the terms of the written deed—a conveyance of all the timber, without regard to size, on the lands described.

There are many other provisions of the deed which we think are not material to the issue sought to be presented here. As to the timber or trees conveyed, the deed is perfectly plain, naming the species of trees, the only limitation being, necessarily, those trees which Jones could not cut and manufacture profitably into lum-

ber. The deed is plain and unambiguous in its terms, and the parties thereto advisedly inserted this provision therein. The parol evidence offered here was not competent to change or alter the contract entered into by deed. The evidence is overwhelming that trees much smaller than fourteen inches in diameter at the top end of the first cut sixteen feet from the ground could be, and were being, manufactured by Jones, and others engaged in the business in that vicinity, at a profit. The parties made their own test, and by it they must stand. There is no merit in the contention that the method adopted for ascertaining the consideration for the deed by the price to be paid for all of the kinds of timber mentioned in the deed had anything to do with the description of the trees as to size which were conveyed.

2. The stipulation which specifically mentions cypress timber and trees contains only the limitations "which purchasers can or may saw and manufacture profitably into lumber, or sell as sawmill logs on the open market." It is appellant's contention that this clause, "Purchasers hereby bind themselves not to manufacture or sell crossties, telephone or telegraph poles, piling or posts from any cypress trees standing, lying upon and being on any of the lands above described," restricts the size of trees to be cut and removed by the appellee. He contends that the stipulation piling or posts should not be manufactured or sold impliedly means that cypress trees which were adapted especially for piling or posts should not be cut. It is perfectly obvious that the whole deed must be considered, and the language used therein must be given its usual and ordinary meaning.

Appellee Jones bought this timber for the purpose of cutting and removing it within a period of ten years from the date of the deed. It is patent that the words "manufacture or sell . . . piling or posts" do not include, embrace, or imply the words "cut and remove." Armstrong now insists that the antecedent contract is

an aid to his construction of the deed, but points us to no guide by which he could so hold. The language in the contract and the deed is the same in this respect. There is a vast difference between cutting and removing trees and selling and manufacturing trees into lumber. There is no ambiguity in the language. It is plain, and we cannot resort to a construction now to make a contract for the parties which means an entirely different thing from that now asserted by the appellant. For all we know, Armstrong might have been conducting a business in that vicinity of selling and manufacturing piling, etc., and might have wanted to prevent competition in that line; or he may have had other reasons for inserting the stipulation in the contract and deed. But it is idle to say that he did not know the difference between the language used in the contract or deed and that now attributed to it by him.

The bill charges, and the answer admits, that the appellee asserts a right to the growth of the timber subsequent to the date of the deed. The evidence in this case is that some of this timber grows very rapidly, as much as an inch in diameter annually. Trees which yesterday could not be manufactured and sold profitably may tomorrow be available for that purpose.

The granting clause of the deed conveyed the timber and trees as of the date of the deed, as we construe paragraph (1) thereof; and by that clause it was not the intention of the parties that the growth of the timber during the ten-year period allowed for the removal of it from the lands should be conveyed. When paragraph (4) of the deed is considered in connection with paragraph (1) thereof, this construction is relieved of difficulty. It is there stipulated that the timber and trees conveyed which the "purchasers can or may saw and manufacture profitably into lumber, or sell as sawmill logs on the open market," meant that the trees and timber conveyed were such as could, or might, on the date

of the deed, be sawed or manufactured profitably into lumber, or sold as sawmill logs, etc. If, during the ten-year period, trees grew to a size which could be manufactured into lumber and sold profitably, those trees, under the terms of the deed, did not pass. If, in the ten-year period, timber and trees smaller in size became available to manufacture into lumber and sold profitably, those trees did not pass by the terms of the deed.

This view is strengthened by paragraph (5) of the deed, which provided, in substance, that, when the purchasers have once cut over a tract or plantation—there being many in the deed—the purchasers agree to release to the grantor that tract or plantation. If the growth passed under the deed, this paragraph of the deed could not be enforced; and it clearly indicates not only a proper construction of the language, but is a strong indication that the parties understood that the deed did not convey the growth of the timber.

In the case of Robertson, State Revenue Agent, v. H. Weston Lumber Co., 124 Miss. 606, 87 So. 120, 124, this precise point has been settled by this court, wherein this court said: ''The appellant further contends that the declaration in the present case is not only for timber then standing on the land of the character denominated as merchantable timber at that date, but embraces timber which has become merchantable since that date by growth or by the change in commercial standards making merchantable now that which formerly was not merchantable. Trees that have grown to such size as to constitute merchantable timber since the date of the sale or attempted sale by the counties to the defendant did not pass by the conveyance even if it was valid, but remained the property of the state in trust for the inhabitants of the township. . . . The great weight of authority supports the doctrine that a provision in a timber deed as to the size, suitability, or merchantability refers to the time of the conveyance and not to the time

of the cutting and removal of the timber. A deed to timber becomes effective on its being signed and delivered, and in the absence of provisions to the contrary will not include such timber as grows subsequently so as to come within the meaning of the term as of the time of the cutting rather than the date of the conveyance.''

We are, therefore, of the opinion that Jones, the appellee, by the deed, acquired all the trees, cypress included, which could, on the date of the deed, be manufactured by him profitably into lumber, and that the deed did not convey to him trees which at a subsequent date during the period in which he was allowed to cut and remove them might be or become of such size as that they could be sawed and manufactured into lumber profitably.

The evidence in this case as to the size of the trees cut is so intermingled with other evidence that we are unable to determine the number of trees which may have been cut by Jones, and the value thereof, on his assumption that he was entitled to the growth of the timber. He did not acquire the growth by the deed, and could not lawfully cut those trees which grew to a size that could be manufactured into lumber profitably by him after the date of the deed. In this one respect only, Armstrong was entitled to relief; and upon another hearing of this case the evidence should be directed to the ascertainment of this one fact. The decree of the court below should have prohibited and restrained Jones from cutting any other trees than those conveyed to him by Armstrong on the date of the deed, as herein determined by us. This may be difficult of ascertainment, but that is due to the language of the contract entered into between the parties. The only relief which we are here directing to be granted to Armstrong is as to the growth of the trees subsequent to the date of the deed and trees at the time of the deed which were too small to be

profitably manufactured into lumber, but which became susceptible of manufacture into lumber profitably since that date.

To the extent herein indicated the court below erred in dismissing the bill. The case is reversed and remanded on the one point, and is affirmed on all others.

Affirmed in part; reversed and remanded in part.