KEETON *et al.* (EASTMAN-GARDINER & CO. GARNISHEE) *v.* ROBINSON.*

(Division A.    Jan. 10, 1927.)

[110 So. 839.    No. 25999.)

APPEAL AND ERROR.    *Evidence. Judicial knowledge will be taken of reversal of judgment in original action pending appeal from judgment against garnishee, and garnishment proceedings dismissed.*

Where, pending appeal from judgment against garnishee, judgment in original action was reversed by the Supreme Court, judicial knowledge will be taken that basis of garnishment proceeding had been rendered nugatory; and garnishment proceedings will be dismissed, and garnishee discharged.

*Corpus Juris-Cyc. References: Appeal and Error, 4 C. J., p. 585, n. 65. Evidence 23 C. J., p. 112, n. 34.

APPEAL from circuit court of Jones county, First district.

HON. R. S. HALL, Judge.

Garnishment proceeding by Rayburn Robinson against Daisye Keeton, David F. McRae and others, wherein Eastman-Gardiner & Co. were garnishees. Judgment for plaintiff against the garnishees, and the garnishees appeal. Reversed, and cause dismissed.

*C. S. Street* and *Welch & Cooper,* for appellants.

*F. B. Collins,* for appellee.

McGowen, J., delivered the opinion of the court.

Rayburn Robinson, appellee, obtained a judgment in the circuit court, Second district, Jones county, Miss., at the regular November, 1925, term, for nine thousand five hundred dollars against David F. McRae and others, who, in turn, prosecuted an appeal to the supreme court, without *supersedeas,* said cause being No. 25779 in this court.

Pending the appeal without *supersedeas,* Rayburn Robinson, plaintiff, caused to be issued a writ of garnishment against McRae, which was served on Eastman-Gardiner & Co., as debtor of McRae, and the garnishee filed its answer in response thereto, denying any indebtedness to McRae. Robinson contested this answer, and, the issue being tried in the circuit court, judgment was entered against the garnishee for the sum of five hundred forty-six dollars and nine cents, from which Eastman-Gardiner & Co., prosecuted an appeal to this court, said cause being on docket here as No. 25999.

This cause was submitted on briefs on November 15, 1926. On November 29, 1926, however, this court considered and finally determined cause No. 25779, setting aside and annulling the nine thousand five hundred dollars judgment obtained by Robinson, and further holding that he was not entitled to that judgment, or to any judgment, against McRae, and so finally disposed of said cause, 144 Miss. —, 110 So. 504.

The judgment in garnishment against the garnishee, Eastman-Gardiner & Co. is dependent upon there being a valid judgment in favor of Rayburn Robinson against David F. McRae, and we have now determined that there is no judgment against McRae, so that the question sharply presented to us is as to whether or not we shall take judicial knowledge of the judgment rendered by us on November 29, 1926, by which judgment the garnishment proceedings were nullified and should be dismissed, and the garnishee discharged, or whether we shall per-

mit other expensive and vexatious litigation in order to be rid of the judgment against the garnishee in this cause, to which Rayburn Robinson is clearly not *now* entitled.

Regardless of whether or not the case now before us would be reversed upon a review of the trial had on the garnishee's answer in the court below, we have reached the conclusion that it is so perfectly clear and manifest that the judgment which we rendered in cause No. 25779, nullifying the judgment against McRae, destroying any claim which Robinson might have against McRae, nullifies and destroys any judgment Robinson might have against one of the debtors of McRae; for, if he could have no claim or judgment against McRae, neither could he have any claim against a garnishment based upon a judgment which has been by us rendered nugatory.

Believing, as we do, that this case has now become a moot case, and without extending the doctrine of judicial knowledge, we have decided to go straight to the relief of the parties in this case, and take judicial notice of what has occurred in our own court between the parties in interest, and of the judgment rendered by us nullifying the basis of the present litigation (the judgment against McRae), and put an end to the matter, that these parties may be saved vexatious litigation and unnecessary costs, in order to finally properly dispose of this case.

In the case of *Mills* v. *Green,* 159 U. S. 651, 16 S. Ct. 132, 40 L. Ed. 293, the supreme court, in passing upon a motion to dismiss an appeal, because no actual controversy existed, said:

"The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."

In the case of *Keely* v. *Ophir Hill Consol. Mining Co.,* 169 F. 601, the circuit court of appeals of the Eighth Circuit held that:

"The court may take knowledge of facts appearing *aliunde* the record, which disclose the moot character of a question presented to it, and decline to enter upon its consideration"—citing a number of cases, among others being the case of *Butler* v. *Eaton,* 141 U. S. 240, 11 S. Ct. 985, 35 L. Ed. 713, where the receiver of a national bank in the circuit court of the United States brought action to recover the amount of an unpaid subscription to stock of the bank, and the defendant set up a judgment in her favor in the state court on the same issue as an estoppel, and the circuit court held it to be an estoppel, that the judgment of the circuit court should be reversed and the cause remanded, with directions to enter judgment for the receiver, saying:

"We think, therefore, that the evidence of the judgment recovered was properly admitted as a bar to the receiver's title to recover in reference to the new stock. And it cannot be said, therefore, looking to the record in this case alone, that there is error in the judgment now before us. But by our own judgment, just rendered in the other case, the whole basis and foundation of the defense in the present case, namely, the judgment of the supreme judicial court of Massachusetts, is subverted and rendered null and void for the purpose of any such defense. Whilst in force, an execution issued upon it, and a sale of property under such execution would have been effective. And when it was given in evidence in this case it was effective for the purpose of a defense, but its effectiveness in that regard is now entirely annulled. Are we then bound to affirm the judgment, and send it back for ulterior proceedings in the court below, or may we, having the judgment before us, and under our control for affirmance, reversal or modification, and having judicial knowledge of the total present insufficiency of the ground which supports it, set it aside as devoid of any

legal basis, and give such judgment in the case as would and ought to be rendered upon a writ of error *coram vobis, audita querela,* or other proper proceedings for revoking a judgment which has become invalid from some extraneous matter?   .   .   .

"The present case is a more simple one. The judgment complained of is based directly upon the judgment of the supreme judicial court of Massachusetts, which we have just reversed. It is apparent from an inspection of the record that the whole foundation of that part of the judgment which is in favor of the defendant is, to our judicial knowledge, without any validity, force or effect, and ought never to have existed. Why, then, should not we reverse the judgment which we know of record has become erroneous, and save the parties the delay and expense of taking ulterior proceedings in the court below to effect the same object? Upon full consideration of the matter we have come to the conclusion that we may dispose of the case here."

We conclude, therefore, that Rayburn Robinson's judgment against McRae, being the basis of the garnishment suit here now pending before us, having been by us revoked, annulled, and rendered nugatory, we are authorized to take notice of our own action as to that judgment rendered by us at the present term of this court, and dispose of this matter on the judicial knowledge that the basis of this garnishment proceeding has been by us rendered nugatory, and save the parties further litigation by so doing.

We therefore reverse this cause, and dismiss the garnishment proceedings, and discharge the garnishee from further liability.

Reversed, and judgment here for appellant.

*Reversed.*