McCANDLESS *v.* DAY *et al.*

(Division B.   March 14, 1932.)

[140 So. 337.   No. 29882.]

860

Franklin, Easterling & Rosenthal, of Jackson, for appellant.

J. G. Holmes, of Yazoo City, for appellees.

862

**Griffith, J.,** delivered the opinion of the court.

Appellees, asserting themselves to be the trustees of a consolidated school, instituted in the county court an action of unlawful entry and detainer against appellant, for the possession of certain school property. Judgment was entered by the county court in favor of appellees on August 26, 1931. On September 3, 1931, appellant filed his appeal bond, all in due form and manner, for an appeal to the circuit court. The county court declined to act upon said bond, however, on the ground that the said appeal bond, although filed within the ten days required generally in respect to appeals from the county court, was not presented within the five days prescribed by section 63, Code of 1930, for appeals from a special court of unlawful entry and detainer. Appellant thereupon at once applied to the circuit judge for a writ of certiorari, praying that the county court be required to send up the entire record, including the court reporter's transcript of the evidence. The writ was issued, and the record was transmitted to, and filed in, the circuit court.

In the circuit court a motion was made to strike the court reporter's transcript on the ground that no appeal had been taken in the time required by law, and that in consequence this transcript was no proper part of the record on certiorari. Federal Credit Co. v. Zepernick Grocery, 153 Miss. 494, 121 So. 114; Id., 153 Miss. 489, 120 So. 173. The court sustained the motion, and thereupon affirmed the judgment of the county court.

We have recently had occasion to review the subject of appeals from the county court and have held that "all appeals from the county court to the circuit court . . . must be taken within ten days from the date of the entry

of the final judgment, or such extended time as the county judge may grant.'' Mississippi State Highway Department v. Haines (Miss.), 139 So. 168, 171. The appeal in this case was therefore taken in time and the court erred in striking the court reporter's transcript.

It appears probable from this record that two of the nominal trustees who instituted this action were not trustees. A majority of trustees is required to prosecute an action in behalf of the school or for the possession of school property. Ball v. Jones, 137 Miss. 500, 102 So. 563. When the case reaches the circuit court under the mandate from this court, if the circuit court finds that the case has not been and is not being prosecuted by a majority of the legal trustees of the said school, the circuit court will reverse the judgment of the county court and dismiss the case.

Reversed and remanded.