# McCandless *v.* Clark *et al.*

(Division B.   February 25, 1935.   Suggestion of Error Overruled March 25, 1935.)

[159 So. 542.   No. 31592.]

L. F. Easterling, of Jackson, for appellant.

**J. G. Holmes** and **R. R. Norquist,** both of Yazoo City, for appellees.

**Anderson, J.,** delivered the opinion of the court.

Appellant brought this action in the circuit court of Yazoo county against appellee H. L. Clark, formerly superintendent of education of that county, on his official bond, and appellee the Fidelity & Deposit Company of Maryland, the surety on such bond, to recover the sum of one thousand two hundred fifty dollars alleged to be due him as superintendent of the Anding Consolidated School for the scholastic year 1931-32, which he charges he was deprived of because appellee Clark, as such county superintendent, in bad faith and unlawfully refused to recognize him and contract with him and pay him as superintendent of such consolidated school.

In addition to the general issue, the appellees pleaded three special pleas, to which appellant demurred. The demurrer was sustained to the first and third pleas and overruled as to the second. Appellant declining to plead further, final judgment was entered dismissing the cause. From the judgment dismissing the cause appellant prosecutes a direct appeal, and from the judgment sustaining the demurrer to appellees' first and third pleas appellees prosecute a cross-appeal.

This is the fifth appeal to this court of five separate cases growing out of the same transactions. State ex

rel. Plunkett et al. v. Miller et al., 162 Miss. 149, 137 So. 737; McCandless v. Day et al., 162 Miss. 859, 140 So. 337; Day et al. v. McCandless, 167 Miss. 832, 142 So. 486; McCandless v. State, 167 Miss. 539, 142 So. 490. The bearing of the facts in the former cases on the present cause will be considered later.

The declaration alleges, in substance, that appellee Clark was the county superintendent of education of Yazoo county for the term beginning January 2, 1928, and ending January 2, 1932; that appellant was duly and legally elected superintendent of the Anding Consolidated School of that county for the scholastic year 1931-32, and presented himself to Clark prior to the opening of the school and demanded that Clark contract with him as provided by law; that although it was Clark's official duty to do so, he unlawfully, willfully, and arbitrarily refused, and on the contrary he set about to and did prevent appellant from performing the services as such superintendent and deprived him of the compensation therefor, amounting to one thousand two hundred fifty dollars; and that Clark thereby breached his official bond, and he and his surety became liable thereon for that sum.

In their first special plea appellees set up that appellant was not entitled to recover because when he presented himself to Clark, as county superintendent, to be contracted with he was under an injunction issued by the chancery court of Yazoo county, which injunction had not been sued out at the instance of appellees or either of them, and which injunction restrained appellant from entering upon and performing any of the duties whatsoever as superintendent of the Anding Consolidated School; that appellant stood under this injunction during the entire scholastic year 1931-32; that appellee Clark, as county superintendent, knew of this injunction; and that if he had been willing to contract with appellee he could not have done so without violating this injunction.

The second plea avers that the legality of appellant's election as superintendent of the Anding school was questioned on the ground that the board of trustees electing him was an illegal board, and therefore was without authority; that later appellant resigned as such superintendent and then claimed a re-election immediately; that pursuant to the duties devolving upon the county superintendent of education to settle all controversies arising under the school laws, Clark declined to recognize as legal either of these elections of appellant; that in so doing he was acting on the advice of the attorney-general of the state, as well as private counsel; that on these controverted questions he acted in good faith and according to his best judgment.

In the third plea it is averred that it was not the duty of the county superintendent to contract with the appellant because under section 6610, Code 1930, it is provided that in years when the state appropriation is made after the beginning of the fall school term, the county superintendent shall cause the schools to be taught without contracts with the teachers and superintendents until he shall have officially ascertained the amount of the common school fund that will be distributed to his county for that scholastic year; that this statute applied because the appropriation was not made for the scholastic year 1931-32 until after the beginning of the fall term, and not until after the expiration of Clark's term of office, which took place on the 2d of January, 1932.

There is no attempt by the pleadings in this case to make the contents of the records in the other four cases appealed to this court a part of the record in this. If, in the consideration of this case, it is the duty of the court to take judicial notice of the contents of the records in the other four cases one result will be reached, while if that is not done a different result might, and probably would, follow. The question then is whether under the

facts revealed by the records in these five cases this court should take judicial notice of those in the first four. The foundation of the litigation in all five of the cases arose out of the question as to which was the legal board of trustees of the Anding School for the scholastic year 1931-32.

What is known in the records of these cases as the Plunkett board claimed to be the legal board, while the Miller board also claimed to be. It turned out that the Plunkett board was the legal board; that is the board that elected appellant superintendent of the school. The Plunkett board brought quo warranto to test the right of the Miller board. The Miller board elected Box as superintendent of the school; Clark, as county superintendent, recognized Box and put him in charge as superintendent, refusing thereby to recognize appellant as being entitled to the position. In the quo warranto proceeding the circuit court held that the Plunkett board was the legal board. On appeal to this court that judgment was affirmed on November 23, 1931. The Miller board brought an action of unlawful entry and detainer against appellant to recover from him certain property belonging to the Anding school, which they claimed he was unlawfully in possession of. The circuit court of Yazoo county rendered a judgment against appellant. On appeal to this court that judgment was reversed and the cause remanded. McCandless v. Day, 162 Miss. 859, 140 So. 337. On August 27, 1931, before the scholastic year began, the Miller board obtained from the chancery court an injunction restraining appellant from going upon the Anding school grounds and in the buildings and from exercising or attempting to exercise in any manner the duties as superintendent of the school. On January 16, 1932, a decree was entered dissolving the injunction and awarding appellant damages in the sum of one hundred fifty dollars, attorney's fee for procuring its dissolution. A

supersedeas appeal was taken from that decree to the Supreme Court, and on June 6, 1932, the judgment of the lower court was affirmed. At that time the Anding school year had expired, this injunction having been in force during the entire term. Day v. McCandless, 167 Miss. 832, 142 So. 486. The other case was a contempt proceeding against appellant for an alleged violation of the injunction. It came to this court and is reported in McCandless v. State, 167 Miss. 539, 142 So. 490.

It will be observed that each of the five cases arose out of substantially the same facts, and the parties to some of them were the same. However, Clark, the county superintendent, was not not a party to the injunction suit, that was between the Miller board and the appellant. Where cases in the same court are interwoven and interdependent, in the trial of one the court will take judicial notice of the proceedings in the other. 23 C. J., p. 114, sec. 1920. Our court recognized and applied this principle in Keeton et al. v. Robinson, 144 Miss. 899, 110 So. 839. In that case the court held that where pending an appeal from a judgment against a garnishee the judgment in the original action was reversed by the Supreme Court, that court would take judicial notice that the basis of the garnishment proceeding had thereby been rendered nugatory, and would dismiss the garnishment proceeding and discharge the garnishee. There is no conflict between that decision and the holding of the court in Illinois Central R. Co. v. Walker, 116 Miss. 431, 77 So. 191, in which the court held that it would not take judicial notice of the ownership of a railroad proven in another and a different case growing out of a different transaction.

We will consider first the direct appeal which involved the question of the propriety of the action of the court in overruling the appellant's demurrer to appellees' second plea. To sustain his contention appellant relies principally upon State, to Use of Lincoln County, v. Green,

111 Miss. 32, 71 So. 171, and Trantham et al. v. Russell (Miss.), 158 So. 143, in which the court held that a county superintendent of education was not liable personally for his honest mistakes of judgment. That principle does not apply, however, where the superintendent has the law staring him in the face—where there is no escape from his knowing it. The quo warranto proceedings were instituted in June, 1931, and on September 3 of the same year the circuit court held that the Plunkett board was the legal one. That judgment was affirmed by the Supreme Court on November 23d thereafter. Clark, as county superintendent, had to recognize and obey that judgment from the time it was rendered by the circuit court; he had no right to assume that it might be reversed by the Supreme Court. He cannot claim good faith while acting in the face of the judgment of a court of competent jurisdiction. It was his duty to either put appellant in charge of the school, or at least withhold the salary until the question was finally settled by the Supreme Court. He did neither. We think, therefore, he is not in a position to claim good faith. This question was touched on but not decided in the last paragraph of the opinion in Whitehurst v. Smith (Miss.), 155 So. 683. It follows from these views that the judgment of dismissal should be reversed.

Appellant's demurrer to the first special plea should have been overruled. That plea sets up a good defense. In substance, it avers that all during the scholastic year in question appellant was under an injunction restraining him from in any wise performing the duties of superintendent of the Anding school. If Clark, as county superintendent, had been willing to contract with appellant, he could not have made a contract without appellant violating the injunction. In other words, one of the parties was prohibited by law (the injunction) from entering into the contract. Certainly, the other could not be charged with a breach of duty in failing to contract under those conditions.

Appellant's demurrer to the third plea was properly sustained. The basis of it is that under section 6610, Code 1930, Clark, as county superintendent, was not authorized to enter into a contract with appellant, because the appropriation for the public schools for 1931-32 was not made until after the fall term had begun. That section provides, among other things, that when the state appropriation is made after the beginning of the fall school term, it shall be lawful for the county superintendent of education to cause the schools to be taught without contracts until he shall have officially ascertained the amount of the common school fund that will be distributed to his county for that scholastic year. It is averred in the plea that the appropriation was not made until January, 1932, and after the expiration of Clark's term of office, which took place on the 2d of January of that year; that, therefore, under the law he could not contract with the superintendent and the teachers. We are of opinion that the statute refers to the formal written contracts in which the things provided for in the statute are set out, including the salaries of teachers and superintendents. The statute does not mean that the county superintendent cannot enter into informal contracts to be followed by formal ones after the appropriation is made. On the contrary, the statute plainly provides that that can be and should be done. We are of opinion, therefore, that if nothing else stood in the way it was the duty of the county superintendent to put appellant in charge of the superintendency of the school, subject to the terms of a formal contract to be entered into after the appropriation was made.

It follows from what has been said that the first special plea presented a good defense, while the second and third pleas presented no defense. The cause is therefore reversed on both direct and cross appeal, and remanded.

Reversed and remanded.