BRIDGEMAN *et al. v.* BRIDGEMAN.

(In Banc. March 9, 1942.)

[6 So. (2d) 608. No. 34727.]

For prior opinion, see 4 So. (2d) 543.

L. Percy Quinn, Luther Manship and Harold Cox, all of Jackson, for appellants, on suggestion of error.

Lamar **F**. **Easterling**, of Jackson, for appellee, in reply to suggestion of error.

804

**Griffith, J.**, delivered the opinion of the court.

The bill of complaint in this case, by appellee Robert Bridgeman, is based largely upon a prior suit, and the decree therein, between him and some of the parties to the present suit, but neither the bill of complaint nor the decree in the previous case was filed as an exhibit with the present bill. Instead thereof the complainant gave the style and case number of the prior suit and stated that "all of said papers in said cause are referred to and made a part hereof as Exhibits hereto as fully as if set out herein in words and figures." The defendants suffered a decree pro confesso, and thereupon a final decree, to be taken in the present suit, but within the time allowed by law they took an appeal to this court, and have urged that the present bill is insufficient to definitely state a cause of action and that in consequence the decree pro confesso and the final decree should be reversed and vacated.

When the clerk of the trial court made up the record for the appeal, he copied, at the request of counsel for appellee, the papers in the previous suit, as if filed as exhibits to the bill in the present case. On motion of appellants this court ordered that that part of the tendered transcript which contained the copies of the previous suit be stricken from the record, but when the case was

thereafter submitted on the merits, appellee argued the case as if the stricken copies were nevertheless a part of the record.

No opinion was written in support of our order to strike; but in view of the persistence of appellee that all the papers in the previous suit should be considered as before us on this appeal, we now give the reasons for our action on the motion to strike, which action we now re-affirm.

Under the ancient and original procedural law in equity, as it prevailed in this state prior to the enactment of the statute later to be mentioned, the exhibits, although annexed to and filed with the bill, could not be looked to as any part of the bill or in aid of the material averments thereof. Some of the old cases so holding are Terry v. Jones, 44 Miss. 540; Statham v. New York Life Ins. Co., 45 Miss. 581, 7 Am. Rep. 737; Byrne v. Taylor, 46 Miss. 95; McGowan v. McGowan, 48 Miss. 553; Littlewort v. Davis, 50 Miss. 403, 409; Eggleston v. Watson, 53 Miss. 339.

The case last cited was decided in 1876, and the opinion was by CAMPBELL, J. And it is interesting to note that in the Code of 1880, which was often thereafter referred to as Campbell's Code, there appeared for the first time in our law Section 1869 of that Code, being the same as that brought forward in subsequent Codes, and now appears as Section 374, Code 1930. This section read and reads as follows: "Exhibits filed with a bill, as part of it, shall be considered, on demurrer, as if copied in the bill."

This statute, when complied with, changes the original rule, but only when complied with. A pleader in order to avoid the original rule and bring himself within the statute must do what the statute requires, namely, if he is to make exhibits a part of his bill he must file the exhibits with the bill. Confessedly, that was not done in the present case. See the handbook, Miss. Chancery Prac., Secs. 193, 289, and the notes thereunder.

But appellee says that the trial court could and should take judicial notice of the papers in the former case in that same court, and cites in support thereof cases such as McCandless v. Clark, 172 Miss. 315, 159 So. 542. We think the great weight of authority, as well as the best among the reasons, supports the rule that trial courts cannot, in the determination of a particular case, take judicial notice of what was done in any other case, even in the same court, so as thereby to supply facts essential to the support of the particular case out of those shown in the prior case. Many of the authorities are collated in 23 C. J., pp. 113, 114, and the principle was applied in Illinois Cent. Railroad Co. v. Walker, 116 Miss. 431, 437, 77 So. 191. And see 20 Am. Jur., p. 105, Sec. 87, and 1 Jones Com. on Ev. (2 Ed.), p. 767, Sec. 432. Unforeseeable consequences could result from any such a rule as that in the trial or hearing of a particular case the plaintiff or complainant could present therein a part of the facts of his case and thereupon call upon the court to take judicial knowledge of the record in another case, even in the same court, whereby to supply the remainder of the facts essential to a decree or judgment in his favor in the present case.

In a supplementary brief, appellee argues that the present bill should be considered as a petition for a writ of assistance in the enforcement of the decree in the prior case—as a continuation and a part of that case, disregarding the fact that it was filed and presented in the trial court as a separate cause. For the purpose of an examination into that contention we have looked to the copies of the papers in the first suit, and upon a careful examination of them we discover that Carrie Bridgeman, a party to the present suit and an appellant here, although attempted to be made a defendant in the original suit, was not among those for whom process was prayed to be issued in the bill in that case. The other defendants were specifically named in the list of those for whom process was asked, but in this list Carrie Bridgeman was omitted,

whence it is doubtful whether any process was ever issued for her. Be that as it may, the bill in the original case was dismissed on the separate demurrer of Robert Bridgeman, one of the several defendants therein. Without a cross-bill by Robert Bridgeman, nothing could be adjudged in his favor against Carrie Bridgeman, one of his codefendants, who, so far as the alleged record shows, made no appearance in the former suit.

Appellee points to no case, and for the reason above stated we are confident that none such can be found, where a writ of assistance against his codefendants has issued in behalf of one of several defendants who has done no more than to secure the dismissal of a bill on his separate demurrer. An application for a writ of assistance cannot be converted into a plenary litigation, or where the rights of all the parties to be adversely affected by the writ were not fully adjudicated and definitely against each of them as adversary parties in the principal suit—it must be clear that no litigious issue adheres in the matter as respects any of the parties to the proposed writ of assistance. Miss. Chancery Pr:, Sec. 652, pp. 760, 761. The writ of assistance would not lie as against Carrie Bridgeman, and since she is a party to the subsequent suit, the latter cannot be considered as a mere continuation of the former.

We must, therefore, in disposing of this appeal look solely to the present bill, without considering further than already mentioned the papers and proceedings in the former suit, and in so doing we find no allegations in the present bill sufficient to sustain a decree pro confesso against Carrie Bridgeman, and the bill is so impoverished as to the other appellants, when its allegations are taken strongest against the pleader, as must be, that we are unable with confidence to parse out what decree precisely, if any, could have been rendered against them; and in the interest of clarity as to issues and as to the bases for adjudication, we have concluded to reverse and remand in order that the court may have the cause

presented with clarity, rather than in the unnecessary obscurity which characterizes the record as it now stands before us. Compare Moore v. Sykes' Estate, 167 Miss. 212, 213, and the principle which is stated at page 219, 149 So. 789, at page 791.

Suggestion of error sustained, decree reversed, and cause remanded.

**Anderson, J.,** delivered a dissenting opinion.

Section 405, Code of 1930, provides that bills to confirm title to real estate and to cancel and remove therefrom the claim of title of the defendant must set forth "in plain and concise language the deraignment of his title," and that a mere statement in his bill that complainant is the real owner is not sufficient "unless good and valid reason be given why he does not deraign his title."

In the first case by the widow brought to confirm her title the bill sets forth her chain of title as running back to the Mississippi Realty Company. The complainant in the present case was one of the defendants in that case. In the case now before the court the bill makes all of the proceedings in that case an exhibit to the bill, it gives the style and number of the case and states that it was brought in the Chancery Court of Hinds County and final decree rendered, and states in substance what the decree was. In the making of each exhibit not attached the bill states that it will be produced if the defendants desire it. Both causes are in the same court, the Chancery Court of Hinds County.

There is no case in our books directly in point on its facts, but the following by analogy it seems control.

In McCandless v. Clark, 172 Miss. 315, 159 So. 542, the court held that where cases in the same court were interwoven and interdependent in the trial of one case the court would take judicial knowledge of the proceedings in the other case. See also Keeton v. Robinson, 144 Miss.

899, 110 So. 839, and 23 C. J. 114. In the latter authority this language is used: "And there may be cases so closely interwoven or so clearly interdependent as to invoke a rule of judicial notice in one suit of the proceedings in another suit." In support of the principle in Note 46 numerous authorities are cited from State and Federal courts.

The records in both cases show in unmistakable terms that the common source of title in each case was the Mississippi Realty Company. The record in the first case was accessible and in reach of both parties and of the court during the trial. It was not in the custody of either party; it was a public record to which each had access in the same right. What was the necessity in the present case of going beyond pointing out to the defendants exactly what the claim of title was? The defendants could not have been misinformed or misled by the allegations of the bill in the present case.