ARMSTRONG *v.* JONES.

(In Banc. April 23, 1945.)

[22 So. (2d) 7. No. 35799.]

Engle & Laub, of Natchez, and Wells, Wells & Newman, of Jackson, for appellant.

**Brandon, Brandon & Hornsby** and **Luther A. Whitting-ton,** all of Natchez, for appellee.

Argued orally by **Gerard Brandon,** for appellee.

**L. A. Smith, Sr., J.,** delivered the opinion of the court.

This is the third appearance of this case before this court. It bids fair to rival the famous fictional case of Jarndyce v. Jarndyce, which Charles Dickens so satirically describes in his novel, "Bleak House," but we venture the hope its issues will somehow be finally determined before reaching the tragic consummation there described.

On the first appearance of the case here, it was reversed and remanded, being reported under the same style as here in 177 Miss. 359, 170 So. 637, 640. Appellant brought the suit against appellee in the Chancery Court of Adams County, and, from an adverse decision, appealed. It is not necessary for us to repeat here the issues or the facts involved in that hearing, as they are fully developed in the published opinion of the court. However, we do set forth here the conclusion there announced, since it is involved in the questions we are now called upon to decide on the present appeal, as follows:

"The evidence in this case as to the size of the trees cut is so intermingled with other evidence that we are unable to determine the number of trees which may have been cut by Jones, and the value thereof, on his assumption that he was entitled to the growth of the timber. He did not acquire the growth by the deed, and could not lawfully cut those trees which grew to a size that could be manufactured into lumber profitably by him after the date of the deed. In this one respect only, Armstrong was entitled to relief; and upon another hearing of this case the evidence should be directed to the ascertainment of this one fact. The decree of the court below should have prohibited and restrained Jones from cutting any other trees than those conveyed to him by Armstrong on the date of the deed, as herein determined by us. This may be difficult of ascertainment, but that is due to the language of the contract entered into between the parties. The only relief which we are here directing to be granted

to Armstrong is as to the growth of the trees subsequent to the date of the deed and trees at the time of the deed which were too small to be profitably manufactured into lumber, but which became susceptible of manufacture into lumber profitably since that date. To the extent herein indicated the court below erred in dismissing the bill. The case is reversed and remanded on the one point, and is affirmed on all others.''

The second appeal needs no attention in the present decision of the exact issues now confronting us. It is enough to state that this court, on its own motion, dismissed the appeal, and the cause was again remanded to the Chancery Court. Upon its return there various amendments, supplements, motions, and demurrers were filed by the respective parties in their different capacities. The range of time in the case may be seen when it is pointed out that the decision in the case, supra, was announced November 16th, 1936, and the final decree from which the present appeal was taken was rendered June 23rd, 1944. The case was concluded, however, upon general demurrers challenging the original bill, amended and supplemental, as having no equity therein, and particular portions thereof as being without equity; and upon a special demurrer hereinafter to be set out in full. The learned chancellor sustained the demurrers, the complainant declined to plead further, and his original, amended and supplemental bills were dismissed, and so he appealed.

It will be observed that the prior decision in this case did not contain anything therein construable, as against contention of appellee to the contrary, to limit the pleadings to the ones there involved. The only limitation expressed was that appellant should have been granted, on the record of the trial then before the court, an injunction, and should be permitted to introduce evidence limited to a certain issue of fact described in the conclusion of the court, supra. It was proper for the chancellor to permit the amendments to complainant's statements of

his case. Sections 1302 and 1511, Code 1042. A case squarely in point here is Haines v. Haines, 98 Miss. 830, 54 So. 433, in which the court said: "When a judgment or decree appealed from is by this court reversed and remanded to the trial court, such court has full power to allow any amendment to be made to the pleadings which it had power to allow before the judgment or decree appealed from was rendered. The remanding of a case to the trial court is for the purpose of having it tried de novo, and such a court has the same power to allow amendments to the pleadings when a cause is remanded with direction to enter a judgment or decree in accordance with the opinion of this court that it has when a cause is remanded without any such direction."

Generally speaking, after an original bill has been duly amended, either by added amendments, or supplemental bills, or by deletions due to striking certain parts thereof, the ultimate consequence is the integration of the original bill, amendments, and supplements, remaining after deletions, into the co-ordinated entirety of a resultant, unified single complete bill of complaint. The original bill has already been deemed by this court on the first appeal to have equity inherent therein, and an inspection of the pleadings of complainant now remaining before the court, filed since the former reversals and remands of this cause, reveals additional equities presented for decision. Grounds of a demurrer which do not go to the whole bill cannot be considered in the determination of a general demurrer to the bill. Jones v. Jones, 99 Miss. 600, 55 So. 361. Where a general demurrer attacks a separate part of the bill only, and does not assert any ground challenging the whole bill, it must be overruled. Washington v. Soria, 73 Miss. 665, 19 So. 485, 55 Am. St. Rep. 555. In our judgment, therefore, the general demurrers should have been overruled. Graves v. Hull, 27 Miss. 419; United States Fidelity & Guaranty Co. v. Parsons, 147 Miss. 335, 112 So. 469, 53 A. L. R. 88; Gully v. Bridges, 170 Miss. 891, 156 So. 511.

We will now consider the special demurrer filed by appellees and sustained by the chancellor, which, in words and figures, is as follows:

"Now comes the Defendant, J. M. Jones and files this special demurrer herein to the amendment to the original bill as amended and the supplemental amendments thereto filed on March 8, 1940 and for cause of demurrer, shows to the court the following:

"(1)

"That heretofore on the 15th day of April, 1940, by decree of this honorable court, the demurrer heretofore interposed to the original amended and supplemental pleadings herein was sustained by decree of this court; that thereafter the complainant appealed to the Supreme Court of the State of Mississippi; that said appeal was dismissed by the Supreme Court of the State of Mississippi and the cause was remanded to this court.

"(2)

"That thereafter on the 4th day of February, 1941, the complainant moved to amend the bill of complaint as is set forth by amendment to the original bill of complaint filed herein on the 16th day of July, 1941.

"That the Defendant objected to the Complainant's motion to amend as shown by objections filed on the 10th day of February, 1941; that thereafter the court overruled the objections and permitted the amendment to be filed.

"That thereafter on the 8th day of November, 1941, the Defendant answered the amendment filed on the 16th day of July, 1941.

"(3)

"That thereafter at the June term, 1944, Complainant in open court asked leave to withdraw the amendment filed on the 16th day of July, 1941, as shown by the record herein, and the court allowed the same, and there-

upon the said amendment was withdrawn and the answer of the Defendant thereto was withdrawn likewise.

## "(4)

"That prior to the appeal to the Supreme Court above referred to and subsequent to the remanding of the original bill of complaint by the Supreme Court, the Complainant filed another injunction suit on the 16th day of August, 1937, again setting up that the Defendant was wilfully and wrongfully cutting timber that had not been conveyed to him under deed dated the 17th day of February, 1930. That this cause was heard by the Chancellor and the Chancellor denied the Complainant the injunction prayed for and held that there was no evidence to show that the Defendant was cutting or had cut any timber other than timber and trees which were capable of being cut into lumber on the date of the deed above mentioned, said suit being to cancel said timber deed and for injunction and being Cause No. 7784 on the General Docket of said Court.

"That no appeal was taken by the Complainant from said decree, and same was therefore final and res judicata, said decree being here referred to.

## "(5)

"That prior to the appeal to the Supreme Court above herein referred to on the demurrer to the bill of complaint and amendments thereto, the Complainant filed in the Circuit Court of Adams County, Mississippi, Causes No. 2132, No. 2141, and No. 2178, styled George W. Armstrong v. J. M. Jones, all of which were transferred by the Circuit Court to the Chancery Court of Adams County, Mississippi, and in that court became Causes styled and numbered George W. Armstrong v. J. M. Jones, No. 7371, No. 7952 and No. 7953. That in said causes there was involved a charge of the cutting of timber by the Defendant that was not conveyed to the Defendant by the Complainant, being timber and trees too small at the time of

the execution of the deed on the 17th day of February, 1930, to be cut and manufactured into lumber, but which since the execution of the deed had grown to such size that could be manufactured into lumber between the date of the deed, February 17, 1930, and September 11, 1939, that in addition thereto said suits involved all the matters and grounds of complaint set forth in the amended and supplemental bills of complaint herein filed on the 8th day of March, 1940, and all questions and issues presented now in the pleadings herein and all claims and rights asserted in the pleadings herein were asserted in said suits above numbered.

"(6)

"That by decrees of this Court dated 12th day of August, 1941, all of said suits were dismissed with prejudice by the complainant, on his own motion.

"(7)

"Wherefore Defendant shows that all claims involved in the present suit was adjudicated in the dismissal of the above numbered causes; and that the Complainant is now without right to maintain the suit filed therein under the amended and supplemental bills of complaint. That the amendment to the original bill of complaint dated the 16th day of July, 1941 presented the only question that the court could inquire into on the remand from the Supreme Court of the original suit filed herein, to-wit:

"Whether or not the Defendant had cut any timber between date of deed, February 17, 1930, and the date of the filing of the original bill of complaint the 26th day of June, 1934, which at the time of the execution of the timber deed of date of February 17, 1930, were too small to have been cut and manufactured into lumber but which by reason of their growth during said time had become capable of being manufactured into lumber.

"That the complainant now having withdrawn said amendment filed on the 16th day of July, 1941, there is

nothing in the original bill of complaint for this court to try which had not already been adjudicated.

"Wherefore Defendant, J. M. Jones, demurs to the original and amended bill of complaint and the amended and supplemental amendments thereto, filed herein on the 8th day of March, 1940, for the reason that said pleadings present no issue to be tried by this court under the mandate of the Supreme Court in remanding the original suit to this court, and because all other grounds of complaint therein involved have been adjudicated against the Complainant in the causes above enumerated which were dismissed by the Complainant with prejudice, and by reason of which dismissal the Complainant is now without right to maintain the suit herein."

This special demurrer, it will be readily seen, sets out facts therein which, it is not contended formed any part of the facts averred in the original, amended or supplemental bills, but to matters of evidence sought to be reached by the special demurrer on the ground that some of it is before the court as exhibited to a motion by appellee, and other parts as being before the court, within reach of attack by this demurrer, because the same court had presided in certain actions of the court affecting them, and that the court will therefore take judicial notice thereof. It is contended, in brief, by appellants and denied by appellees that this special demurrer is objectionable and not to be by us considered because it is a speaking demurrer. Assuming, but not deciding, that the cases mentioned in the special demurrer do deal with the subjects as claimed therein, and assuming, merely for the discussion, that the court should take judicial notice of the special matter of facts set out in the special demurrer, can we consider it properly as a challenge to pleadings that contain no such averments? We think not. "Judicial notice of such facts takes the place of proof and is of equal force. It displaces evidence, since it stands for the same thing. . . . To say that a court will take judicial notice of a fact is merely another way

of saying that the usual forms of evidence will be dispensed with." 20 Am. Jur., sec. 16, p. 47. "The right of a court to act upon that which is in point of fact known to it must be subordinate to those requirements of form and orderly communication which regulate the mode of bringing controversies into Court and of stating and conducting them." 20 Am. Jur., sec. 17, p. 48. So we conclude that judicial notice, as a general rule, is no more available to a demurrant than is any other form of evidence, and in this particular case the court may not take judicial knowledge of the precise facts recited in the special demurrer.

The case of McCandless v. Clark, 172 Miss. 315, 159 So. 542, 544, as appellee contends, held that "Where cases in the same court are interwoven and interdependent, in the trial of one the court will take judicial notice of the proceedings in the other." It is asserted and denied in the case at bar that the other four cases to which reference is made in the special demurrer involve the same issues. So, we would in effect have to adjudicate this controversy if we took judicial notice of the cases, in order to adjudicate the demurrer, and this we do not feel we are here called on to do, as generally such issues should be determined on pleadings and proof themselves. In addition, this court has since spoken on this same subject in the later case of Bridgeman v. Bridgeman, 192 Miss. 800, 6 So. (2d) 608, 610, saying: "But appellee says that the trial court could and should take judicial notice of the papers in the former case in that same court, and cites in support thereof cases such as McCandless v. Clark, 172 Miss. 315, 159 So. 542. We think the great weight of authority, as well as the best among the reasons, supports the rule that trial courts cannot, in the determination of a particular case, take judicial notice of what was done in any other case, even in the same court, so as thereby to supply facts essential to the support of the particular case out of those shown in the prior case. Many of the authorities are collated in 23 C. J., pp.

113, 114, and the principle was applied in Illinois Cent. Railroad Co. v. Walker, 116 Miss. 431, 437, 77 So. 191. And see 20 Am. Jur., p. 105, sec. 87, and 1 Jones Com. on Ev. (2 Ed.), p. 767, Sec. 432. Unforeseeable consequences could result from any such a rule as that in the trial or hearing of a particular case the plaintiff or complainant could present therein a part of the facts of his case and thereupon call upon the court to take judicial knowledge of the record in another case, even in the same court, whereby to supply the remainder of the facts essential to a decree or judgment in his favor in the present case.''

To the same effect are Secs. 86 and 87, Am. Jur., Vol. 20, pp. 104 and 105. We, therefore, are of the opinion that the court should not take judicial notice of the matters of fact alleged in the said special demurrer in deciding the issues on this appeal. It is therefore a speaking demurrer, in our judgment, and should have been overruled, since a demurrer, as stated supra, challenges only the sufficiency of the allegations of the pleading demurred to, and hence a demurrer setting forth facts not appearing in the challenged pleading should be overruled as a ''speaking demurrer.'' Metropolitan Life Ins. Co. v. Perrin, 184 Miss. 249, 183 So. 917. The matter of speaking demurrers is also discussed fully in Section 289, Griffith's Mississippi Chancery Practice. It is there said:

''A demurrer is, and must be always, based solely upon the allegations of fact well pleaded as such in the bill. A demurrer cannot contain anything which denies any allegation in the bill. A party cannot qualify his demurrer nor give it any other operation than such as the law gives. The challenge of a demurrer can be interposed only for defects and insufficiencies apparent on the face of the bill itself; no question of fact other than as appears in the bill itself can be raised by demurrer. The substantial grounds of a demurrer must appear upon the face of the bill, and if a demurrer seeks to allege any fact or otherwise to import anything of fact into the question

not shown on the face of the bill it is a 'speaking demurrer' and will be overruled. Not only so, but moreover, a demurrant cannot aid himself by what the evidence would show, or does show if there be any evidence in the case, nor by any answer filed, nor by any of the proceedings taken, by other defendants in the case although then a part of the cause. Upon the presentation of a demurrer the bill alone must be looked to for the facts, excepting only the facts which the court may judicially know, and this is true even where a bill without actually annexing or filing it as an exhibit refers to a deed or document by its record in the clerk's office asking that it may be taken as a part of the bill and be referred to as often as may be necessary in the hearing—the court will not allow it to be presented and read on the demurrer, for it is not of record with the bill, is not a part of the bill, is therefore dehors, and if an appeal were allowed on the demurrer it could not be copied into the record so as to go to the appellate court—for which latter reason it is the rule that even by consent of counsel a court cannot on demurrer properly consider facts or documents not stated in the bill or carried into it by exhibits actually filed with and as a part of it, unless the consent be evidenced by a formal stipulation or the equivalent thereof filed in the case sufficient to make the additional matter thereby a part of the record, so that it may become reviewable.''

The author, in his references, supra, to matters of which the court takes judicial knowledge, manifestly meant such matters as courts would notice as true without the necessity of any testimony whatsoever.

For the errors of sustaining the demurrers and dismissing complainant's original, amended and supplemental bills, the decree of the chancery court is reversed and the cause remanded for further proceedings.

Reversed and remanded.