### MARTIN *v.* McGRAW

No. 42929 March 23, 1964 161 So. 2d 784

February 3, 1964 160 So. 2d 89

336

April 27, 1964 163 So. 2d 231

*Lester E. Wills,* Meridian, for appellant.

*Warner, Self & Ray,* Meridian, for appellee.

RODGERS, J.

This is an appeal from a final decree of the Chancery Court of Lauderdale County, Mississippi, entered upon a decree pro confesso as a result of the failure of the defendant to comply with an order to pay advance court costs.

The facts leading up to the final order entered by the court are, as follows: Frank A. Martin, husband of appellant, Catherine C. Martin, prosecuted Ruben R. McGraw on a charge of burglary and grand larceny in the Circuit Court of Lauderdale County, Mississippi. The defendant was acquitted and sued Frank A. Martin for false imprisonment. He obtained a judgment for $2,000. The process of the circuit court failed to find any property belonging to Frank A. Martin. A contest of a garnishment revealed that the business operated at the place where the judgment-debtor stayed, in fact belonged to his wife, Catherine C. Martin.

The judgment-creditor filed a suit in the Chancery Court of Lauderdale County in an effort to subject the stock of goods, alleged to be the property of Mrs. Martin, to the judgment obtained by him in the circuit court. This suit was based upon the theory that (1) the defendant, Frank A. Martin, was either the real owner of the business being operated under several trade names, viz: Martin's King of Low Prices and Martin's Wholesale Company; (2) or that, if he were not the owner of the business, he was a partner therein; and (3) in the alternative, he was an agent of his wife and she was liable for his acts. A petition for a writ of subpoena duces tecum was filed with the original bill.

Both defendants, Frank A. Martin and wife, Catherine C. Martin, appeared in answer to the process and

filed (1) an affidavit and motion to require the non-resident complainant to post security for court costs; (2) motion for an additional time to plead; (3) motion to quash the previous order granting a subpoena duces tecum; and (4) a demurrer to the original bill.

At this juncture in the court proceedings, the chancellor (in vacation, April 21, 1963) entered an order requiring the defendants to pay in advance for each pleading filed, and directed the clerk to hold "as unfiled (the pleas of defendants) until such time as payment had been made therefor by the defendants." Mrs. Martin did not pay any advance costs, and a decree pro confesso was entered against the defendants. The defendants protested the action of the court and obtained a bill of exceptions, duly signed by the chancellor, in which, it appears, that the order of the chancellor directing the defendants to advance court costs was made upon a motion of an attorney present in court, who said he represented the chancery clerk, but no affidavit or written motion was presented, nor was the defendant, Catherine C. Martin, given an opportunity to present evidence to refute the motion. The chancellor then entered a final decree against both defendants declaring the property described in the original bill to be subject to the judgment of complainant and directed the sheriff to seize the stock of merchandise above-described, by execution, and report his sale at the next term of court for approval.

The defendant, Catherine C. Martin, has appealed. Thus, this Court is confronted with the issue as to whether or not the chancery court is authorized to require a defendant to pay in advance to the chancery clerk a filing fee before the clerk will receive and file defensive pleading. We have reached the conclusion that the chancellor was in error in requiring the appellant to advance court costs, and in entering a final decree without disposing of the defensive pleading pending in

the case at the time the final decree was entered for reasons hereafter stated.

The true foundation of the power of courts of equity to award costs has long been, and still is, a matter of controversy. It is contended by one view, that costs in equity do not depend upon any statute, but upon the conscience of the chancellor, resting in his sound discretion to be exercised under a consideration of all the circumstances. On the other hand, it is contended by others that the Court of Chancery derived its power to award costs from the Statute of 17 Rich 11 c 6 which authorized the chancellor to award damages (construed to include costs) according to his discretion against persons bringing vexatious and unfounded suits in chancery. 5 Enc. Pleading and Practice 115.

We are told by more recent authority that the courts have no implied or inherent power to award costs, nor do they have power to adjudge costs against anyone on mere equitable or moral grounds. It is still argued that the costs in equity depend on the conscience of the chancellor, but it is now usually conceded that the better view is that a court of equity has no inherent jurisdiction to award costs independently of statute. 20 C. J. S., Costs, § 2, at p. 261.

The appellee argues that "The imposition of costs is used not only to the ends of justice as between the parties, but also as a disciplinary measure to enforce a better observance of the orderly rules of procedure." Griffith's Miss. Chancery Practice, §628, at p. 722, citing Yost v. Alderson, 58 Miss. 46 (1880). We do not believe this argument is well-taken since the Legislature has expressed the public policy of this State, with reference to court costs, in the last line of §1579, Miss. Code 1942, Rec., as follows: "* * * the law of costs shall not be interpreted as penal."

To discipline a party to a lawsuit by requiring the party to pay costs which are not otherwise due is in

effect a penalty and is condemned by the Legislature. This does not mean, however, the court cannot require a defendant to pay the costs, or part of the costs, of the litigation upon an order of the court to set aside a decree pro confesso or a default judgment so as to give to the defendant a trial on the merits. The latter order is not a penalty but a rule to prevent any injustice because of his neglect, or default traceable to his error or omission that may grow out of granting the defendant a trial on the merits after the complainant has secured a decree pro confesso or the plaintiff has secured a judgment by default.

It has been said in Griffith's Miss. Chancery Practice, §269, in quoting the opinion in the case of Yost v. Alderson, supra, that "It is argued that the cause shown (to set aside a decree pro confesso) was not good and sufficient; that mere inattention and forgetfulness cannot be a valid excuse for a failure to discharge a legal duty. This may be true when such inattention or forgetfulness has occasioned a failure which has been injurious to the adverse party, or the action of that party, based on such failure and caused by it, cannot be reversed without injury to him. But when the neglect is in the mere conduct of a suit, and its consequences do not operate injuriously, its condonation by the judge can do no harm except to deprive the adverse party of an advantage which he has secured in virtue of such neglect, and in that case the party guilty of the neglect should not on that account alone be deprived of the means and opportunity of maintaining or defending his rights. The object of the institution of courts is to administer justice according to law, and lawsuits are allowed for that purpose alone. Rules of procedure regulating the conducting of business in courts are instituted solely to facilitate these ends. They are necessary and their due observance should be enforced by the courts. But it should not be forgotten that they

are aids to secure the administering of justice, not shackles to bind courts to the perpetration of wrong. When their non-observance is in a trivial matter, working no injury to the adverse party, and not materially impending the due progress of the case, the fault should be corrected, and the authority of the court maintained, rather by the imposition of costs and the use of other disciplinary agencies than by depriving parties of the opportunity of a fair trial, to secure which the rules are instituted.''

The Legislature of this State has enacted several laws pertinent here, with reference to the costs of court. Section 1567, Miss. Code 1942, Rec., applies to common-law and equity courts alike, and permits the clerks or parties of interest to make a motion and file an affidavit asserting that the plaintiff or complainant is a nonresident, or resident who cannot be made to pay the cost. The court will, on proper showing require the complainant to post security. There is no provision in this section requiring a defendant to post a bond for costs.

Section 1583, Miss. Code 1942, Rec., gives the chancery court authority to require the defendant to pay the costs in the chancery court, as follows: ''The chancery court shall have power to decree that either party shall pay the costs of any suit in equity, or that the same may be divided as may appear equitable.''

Section 1598, Miss. Code 1942, Rec., says: ''The costs accruing upon suits in any court shall not be due until the final determination thereof, and may then be collected by execution; but the judges shall have power to order and adjudge costs and give decrees and judgments thereon in the progress of suits, as heretofore practiced in said courts.''

There are no provisions under either of the foregoing code sections requiring that the defendant post security for costs, nor has any section of our law been

cited wherein the court may require the defendant in a suit to pay the costs of court in advance. We agree with the argument of the appellee that the Chancery Court may require either party to pay the costs of court, (§1583, supra) but the Legislature has made it clear that "The costs accruing upon suits in any court shall not be due until the final determination thereof * * *". (§1598, supra.) Moreover, the fact that the judges have power to order and adjudge costs during the progress of the suit does not mean that the defendant may be required to pay costs during the progress of the litigation, because the costs are not due until the termination of the action.

■■■ We can conceive of cases wherein a defendant may be required to post security for costs, as if he were a complainant. For example, where the defendant files a cross-action or an auxiliary action in the same case against a codefendant, or similar pleadings wherein defendant assumes the position of a complainant, the Legislature has made provision for such a situation by enacting §1593, Miss. Code 1942, Rec. Cf. §1145, Miss. Code 1942. Rec.

■■■ We are of the opinion, and so hold, that the learned chancellor was in error in requiring the defendant, Mrs. Catherine C. Martin, to pay advance court costs to the Clerk of the Chancery Court as a prerequisite to the right to file defensive pleading. The case must therefore be reversed.

■■■ We are also of the opinion that the decree pro confesso and the final decree were erroneously entered in the instant case at a time when there remained on file, and undisposed of, defensive pleading. The general rule is expressed in Griffith's Miss. Chancery Practice, §261, p. 261, as follows: "* * * a *pro confesso* (decree) is in effect the equivalent of an answer incontestably admitting, but admitting only, the material averments of the bill it follows, first, that no such

decree can be taken while any demurrer, or plea or the equivalent of either remains undisposed of. These pleadings, although not strictly an answer to the bill, show that the defendant is insisting on all his legal rights, and moreover until they are disposed of the defendant is not in default; and of course such a decree cannot be taken while an answer remains on file.''

█ █ The argument of the appellant that this Court should pass upon the demurrer and the motion to quash the subpoena duces tecum is not well-taken, because the trial court has not had an opportunity to pass upon the validity of the claims set out in the pleading.

We are of the opinion that the decree pro confesso, and the final decree entered in the trial of the instant case, should be reversed and set aside so that the chancellor may then pass upon the pending demurrer, and the motion of the appellant Catherine C. Martin to the end that the cause may be determined upon its merits. Since the other defendant did not appeal, the decree of the chancery court as to Frank A. Martin will be affirmed.

The final decree in this case is therefore affirmed as to Frank A. Martin, but is reversed as to Catherine C. Martin and remanded for proceedings in accordance with this opinion.

Affirmed as to Frank A. Martin and reversed and remanded as to Catherine C. Martin.

*Lee, C. J., and Ethridge, Brady and Patterson, JJ.,* concur.

### ON PETITION FOR ISSUANCE OF
### WRIT OF CERTIORARI IN AID OF APPEAL

McELROY, J.

This cause is before the Court on appeal by Catherine C. Martin, defendant in the court below, from a decree pro confesso and a final decree of the Chancery Court of Lauderdale County, Mississippi, in the cause of Ruben

R. McGraw v. Frank A. Martin and Catherine C. Martin, the latter being the appellant herein, said cause being No. C-888 on the docket of the Lauderdale County Chancery Court.

After the filing of the record in this Court the appellant filed a petition for the issuance of a writ of certiorari directed to the Circuit Clerk of Lauderdale County, commanding him forthwith to make up and certify over his signature and seal of office, a complete and accurate transcript of the record in Cause No. 6658, Ruben McGraw v. Frank A. Martin, in said court, and to deliver and file the same with the Clerk of this Court. With her petition for the issuance of a writ of certiorari the appellant filed what purports to be a transcript of the record in the above mentioned Cause No. 6658, in the Circuit Court of Lauderdale County, containing, however, only such parts thereof as she thought to be material herein including a copy of the transcript of the notes of the stenographer covering the testimony heard in said cause and also a certified copy of the bill of sale referred to and identified by counsel for appellee in his cross-examination of the appellant.

The appellant cites in support of her petition for the issuance of said writ of certiorari section 1958, Mississippi Code of 1942, Rec., which provides:

"The Supreme Court may make all orders and cause to be issued and executed all process necessary or proper to secure an appeal to it from any judgment or decree from which an appeal may be taken to the Supreme Court, and to compel the production before it of a full and perfect transcript of the record and proceedings in any case in which an appeal to said court is provided for by law, and of all papers necessary to the disposition of any case or matter properly before it."

Griffith, Mississippi Chancery Practice (2d ed. 1950), section 675, shows what must be considered solely on the record made in the trial court:

■■ ■ "An appeal in the supreme court must be considered solely on the record made in the trial. The appellate court is confined to the face of the record in the trial court, and a case cannot be heard on a different record than that made in the court below, duly certified. It cannot accept affidavits, or statements, or even evidence as to any facts not a part of the trial record and not before the trial court; and of course, it cannot reverse for any fact arising after the rendition of the final decree. Not only must a cause be determined in the appellate court on the record as made in the lower court, but moreover when there is no error in the decree of the lower court the appellate court cannot reverse in order to allow the parties to amend their bill or other proceedings in the lower court so as to present new facts; . . ." See Hemphill v. Smith, 128 Miss. 593, 91 So. 337, where it is held that an appeal in the supreme court must be considered solely on the record even where another branch of the case has been acted on in a separate appeal to the same court. See also Keystone v. Devine, 18 So. 925 (Miss.). What is or is not the record on appeal is a matter to be dealt with and judicially determined by the appellate court, and for such purposes the clerk of the chancery court is pro hac vice an officer of the appellate court. Portwood v. Feld, 72 Miss. 545, 17 So. 373. See § 1958, Code 1942. Peeler v. Peeler, 68 Miss. 148, 8 So. 392; U. S. Cas. Co. v. Malone, 126 Miss. 288, 88 So. 709. Whatever may be the duty of trial courts as to "lending a helping hand" to the proper presentation of issues it is declared (Hn 8) that the appellate court sits to decide only the issues properly made by the parties litigant, and not to make issues for them. Walker v. Hasser, 41 Miss. 90. See also Grego v. Grego, 78 Miss. 443, 28 So. 817.

The motion seeks to have brought before this Court a full and complete transcript of the cause in the circuit court wherein Ruben R. McGraw obtained a judgment against Frank A. Martin for the sum of $2,000. No appeal was taken from that judgment and the time for taking an appeal has expired. Frank A. Martin was a co-defendant with Catherine C. Martin in Cause No. C-888 in the chancery court, but he has not joined in this appeal from the above mentioned decree of the chancery court. No effort was made in the chancery court to have a transcript of the record in Cause No. 6658, Ruben McGraw v. Frank A. Martin, in the circuit court introduced in evidence or made a part of the record of the proceeding in the chancery court, and only appeal before this Court is the appeal from the above mentioned decree of the chancery court in Cause No. C-888.

In Federal Credit Co. v. Zepernick Grocery Co., 153 Miss. 489, 120 So. 173 (1929), the Court held:

"It is said to be a rule of almost universal application that the writ of certiorari will not issue in those cases in which there is a plain, speedy, and adequate remedy by appeal, which statement is no more than an application of the elementary rule of procedure that an extraordinary remedy will not be allowed when an ordinary remedy is, or has been, fully available. Certiorari cannot be made to serve the office of an appeal, and the rule is not altered by the fact that a party entitled to an appeal has allowed the time for taking it to elapse without availing himself of that right." See also Shapleigh Hardware Co. v. Brumfield, 159 Miss. 175, 130 So. 98 (1930).

The petition for the issuance of a writ of certiorari in aid of the appellant's appeal from the decree of the chancery court, in our opinion, must be denied. We are unable to find any authority for the issuance of such writ in a case of this kind, and neither does the petitioner cite any authorities. Certiorari

will lie only in such errors or defects as appear on the face of the record. Therefore, only such errors or defects as appear on the face of the record in the Chancery Court of Lauderdale County can be considered by writ of certiorari. Certainly when there has been no attempt to introduce any of the record that was had in the other case in the Circuit Court of Lauderdale County, it cannot be introduced in the Supreme Court. Allen v. Levee Commissioners, 57 Miss. 163; Dickson v. Town of Centreville, 157 Miss. 490, 128 So. 332; Board of Supervisors of Forrest County et al. v. Melton, 123 Miss. 615, 86 So. 369; Yazoo & M.V.R. Co. v. Miss. RR. Comm., 169 Miss. 131, 152 So. 649; Mills v. Churchwell Motor Co., 154 Miss. 631, 122 So. 773; Hamilton v. Long, 181 Miss. 627, 180 So. 615.

In Sims v. Crecink, 208 Miss. 873, 45 So. 2d 737, the court held on motion for certiorari for a certified copy of the record that this cannot be sustained when the instrument was not offered or introduced into evidence in the lower court.

 ██ Neither can this court take judicial knowledge of the records. In the case of Bridgeman et al. v. Bridgeman, 192 Miss. 800, 6 So. 2d 608, wherein a defendant suffered a decree pro confesso and thereupon a final decree to be taken in a suit, but within the time allowed by law they took an appeal to the Supreme Court, and they urged that the present bill is insufficient to definitely state a cause of action and that in consequence the decree pro confesso and the final decree should be reversed and vacated.

When the clerk of the trial court made up the record for the appeal, he copied, at the request of counsel for the appellee, the papers in the previous suit, as if filed as exhibits to the bill in the present case. On motion of the appellant, this Court ordered that that part of the tendered transcript which contained the copies of the previous suit be stricken from the record, but when

the case was thereafter submitted on the merits, the appellee argued the case as if the stricken copies were nevertheless a part of the record. No opinion was written in support of this Court's order to strike; but in view of the persistence of the appellee that all the papers in the previous suit should be considered as before the Supreme Court on appeal, the Court said in reference to the motion to strike:

"Under the ancient and original procedural law in equity, as it prevailed in this State prior to the enactment of the statute later to be mentioned, the exhibits, although annexed to and filed with the bill, could not be looked to as any part of the bill or in aid of the material averments thereof. Terry v. Jones, 44 Miss. 540; Statham v. New York Life Ins. Co., 45 Miss. 581, 7 Am. Rep. 737; Byrne v. Taylor, 46 Miss. 95; McGowan v. McGowan, 48 Miss. 553; Littlewort v. Davis, 50 Miss. 403, 409; Eggleston v. Watson, 53 Miss. 339.

". . .

"But appellee says that the trial court could and should take judicial notice of the papers in the former case in that same court, and cites in support thereof cases such as McCandless v. Clark, 172 Miss. 315, 159 So. 542. We think the great weight of authority, as well as the best among the reasons, supports the rule that trial courts cannot, in the determination of a particular case, take judicial notice of what was done in any other case, even in the same court, so as thereby to supply facts essential to the support of the particular case out of those shown in the prior case. . . ."

In Armstrong v. Jones, 198 Miss. 627, 22 So. 2d 7 the Court said:

"We think the great weight of authority, as well as the best among the reasons, supports the rule that trial courts cannot, in the determination of a particular case, take judicial notice of what was done in any other case, even in the same court, so as thereby to supply facts

essential to the support of the particular case out of those shown in the prior case. Many of the authorities are collated in 23 C.J., pp. 113, 114, and the principle was applied in Illinois Cent. Railroad Co. v. Walker, 116 Miss. 431, 437, 77 So. 191. And see 20 Am. Jur., p. 105, Sec. 87, and 1 Jones, Com. on Ev., 2d Ed., p. 767, Sec. 432. Unforeseeable consequences could result from any such a rule as that in the trial or hearing of a particular case the plaintiff or complainant could present therein a part of the facts of his case and thereupon call upon the court to take judicial knowledge of the record in another case, even in the same court, whereby to supply the remainder of the facts essential to a decree or judgment in his favor in the present case.''

Keystone Lumber & Improvement Co. v. Devine, 18 So. 925 (Miss. 1896), outlines what should appear in the appeal transcript. The Court stated:

''The complainant made a part of that record an exhibit to its bill, and the defendant referred to the whole of it, and made it an exhibit to his answer. No part, however, of that record, appears in the present transcript; and unless we look beyond the record in this cause, and consider the record of the appeal in the law case (which is on file in this court), we cannot know what facts were considered by the court below. The Code (section 75) provides that where an appeal is prosecuted to this court, and the cause is remanded, and afterwards an appeal be taken in the same case to the supreme court, it shall not be necessary for the appellant to cause to be filed in the supreme court a transcript of so much of the record as may be already on file in said court; but the transcript previously sent up, together with transcript of the subsequent proceedings in the case in the court below, shall constitute the record for the case in the supreme court.' But this is not a second appeal in the same cause, and the statute does not apply. On the improper record before us,

we cannot determine whether the decree of the court below dissolving the injunction is or is not erroneous.

"Counsel cannot, by agreement, make a record in violation of the rules of the court. Miller v. Peeples, 60 Miss. 45."

We are therefore of the opinion that if such record is competent it should have been offered in the court below for its interpretation before it can be brought here to the Supreme Court on a writ of certiorari the first time for our consideration.

We are not passing on the merits or demerits on the appeal proper, but passing only on the motion for a writ of certiorari.

The Petition for Writ of Certiorari in Aid of Appeal is therefore overruled and disallowed.

Petition for Writ of Certiorari in Aid of Appeal overruled and disallowed.

*Kyle, P. J., and Ethridge, Rodgers and Patterson, JJ.,* concur.

## ON MOTIONS

The motion of Frank A. Martin requesting leave to file a motion to correct the former judgment of this Court in the above-styled cause will be overruled.

Movant did not appeal to this Court, and he cannot now, by motion, change a judgment affirming a decree adverse to him from which he made no appeal.

The motion of Catherine C. Martin to reform the former judgment of this Court in the above-styled cause so as to eliminate the name of Frank A. Martin from the judgment will be overruled. Our former opinion and judgment do not preclude Catherine C. Martin from filing her claim to the property seized to satisfy a judgment of the circuit court. The affirmance of the final decree of the chancery court against Frank A. Martin and the reversal of the decree of the chancery court as to Catherine C. Martin do not adjudicate any

claim Catherine C. Martin may have to the property. The decree of the chancery court was reversed so as to give Mrs. Martin her day in court.

The motions are therefore overruled.

Motions overruled.

All Justices concur.